The Honorable Robert S. Lasnik

# IN THE UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF WASHINTON AT SEATTLE

| | |
|---|---|
| EVAN CARNAHAN, | Case No. 2:17-cv-00086 RSL |
| Plaintiff, | |
| vs. | **COMBINED JOINT STATUS REPORT AND DISCOVERY PLAN** |
| ALPHA EPSILON FRATERNITY, INC. and DAVID LEON; | |
| Defendants. | |

Pursuant to Fed. R. Civ. P. 16 and 26(f), and the Court's July 12, 2017 Order Regarding Initial Disclosures, Joint Status Report, and Early Settlement, (Dkt #23), Plaintiff and Defendants, through counsel, (collectively the "Parties") submit the following Joint Status Report and Discovery Plan.

**1. A statement of the nature and complexity of the case.**

Plaintiff alleges that he was struck in the head by an underage member of the Alpha Epsilon Pi fraternity at the University of Washington while at the fraternity house. Plaintiff claims this incident caused him personal injury. Plaintiff claims that the fraternity encouraged and allowed underage drinking despite laws, rules and policies expressly prohibiting such conduct. Defendant David Leon denies these allegations.

COMBINED JOINT STATUS REPORT AND DISCOVERY PLAN
PAGE 1 OF 6

**CHOATE LAW FIRM, LLC**
424 N. Franklin Street
Juneau, Alaska 99801
Telephone: (907) 586-4490 Fax: (888) 856-3894
lawyers@choatelawfirm.com

In addition, Defendant Alpha Epsilon Pi Fraternity, Inc. ("AEP National") filed a Motion to Dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted.  AEP National denies each of Plaintiff's allegations, and contends that (1) AEP National is not a proper party to this lawsuit; (2) there are no allegations set forth in Plaintiff's Complaint that are even directed at AEP National; (3) AEP National does not owe a duty of care to Plaintiff; (4) AEP National lacked the ability to exercise control over the day-to-day activities of the Chi Deuteron Chapter at the University of Washington or its members; and (5) no enforceable contract existed between AEP National and Plaintiff.

This case does not appear to be unusually complex.

**2. Proposed deadline for joining additional parties.**

The parties propose that the deadline for a party to join additional parties, subject to the Federal Rules of Civil Procedure, should be December 1, 2017.

**3. Consent to Assignment of Case to a Magistrate Judge.**

No

**4. Related Cases.**

There are no related cases pending before this court or in another jurisdiction.

5. **Initial Disclosures.**

Pursuant to the court's order dated July 12, 2017 at Docket 23, the parties are scheduled to exchange their initial disclosures on August 2, 2017.  Plaintiff's FRCP 26 disclosures were served July 24, 2017. Defendants will serve their initial disclosures on or before the Court's August 2, 2017 deadline.

6. **What changes, if any, should be made in the timing or form of expert and pre-trial disclosures under FRCP 26(a)(2)-(4).**

COMBINED JOINT STATUS REPORT AND DISCOVERY PLAN
PAGE 2 OF 6

**CHOATE LAW FIRM, LLC**
424 N. Franklin Street
Juneau, Alaska 99801
Telephone: (907) 586-4490 Fax: (888) 856-3894
lawyers@choatelawfirm.com

The Parties do not seek any changes in the form of expert and pretrial disclosures under FRCP 26(a)(2)-(4). Plaintiff's burden of proof experts will be disclosed by March 1, 2018 in accordance with Rule 26(a)(2). Defendants' experts will be disclosed by April 2, 2018. Rebuttal experts will be disclosed by May 2, 2018.

7. **The subjects, time, and potential phasing of discovery, and how the parties intend to manage discovery to promote the expeditious and inexpensive resolution of the case, specifically including the consideration of the items set forth in LCR26(f)(1)(D).**

The parties anticipate conducting discovery as to all issues raised in or related to the facts, claims or defenses alleged in the pleadings. There is no need to phase discovery, although, fact discovery will need to occur prior to expert witness discovery. Both parties will submit expert disclosures in accordance with FRCP requirements or court order.

The parties intend to work cooperatively to schedule discovery in an efficient manner and hope to avoid discovery disputes. There are no other specific methods currently necessary to minimize the expense of discovery.

8. **Agreement or issues related to the preservation of discoverable information and the scope of the preservation obligation.**

Plaintiffs request that defendant AEP preserve its Facebook website including but not limited to posts and photographs.

Defendant AEP National requests that Plaintiff take all necessary steps to preserve all potentially relevant documents, including electronic documents in their natural form, including but not limited to those listed below, until further notice:

- All communications, including but not limited to letters, memoranda, reports, e-mails, notices, agreements, notes, complaints, or other documents sent to or received from Plaintiff regarding the claims, the facts set forth in the Complaint, and any damages

COMBINED JOINT STATUS REPORT AND DISCOVERY PLAN
PAGE 3 OF 6

**CHOATE LAW FIRM, LLC**
424 N. Franklin Street
Juneau, Alaska 99801
Telephone: (907) 586-4490 Fax: (888) 856-3894
lawyers@choatelawfirm.com

Plaintiff seeks to recover in this lawsuit;

- Any electronic mail, voicemail, chat application, or instant message platform (including voicemail or text messages stored on any cell phone, laptop or other device, and including any individual apps contained thereon);

- All electronic and/or social media communications, including but not limited to communications on the following platforms:
    (a) Twitter;
    (b) Instagram;
    (c) Snapchat;
    (d) Facebook;
    (e) GroupMe;
    (f) Redditt; and
    (g) Any other social media account;

9. **Whether the case will involve Electronically Stored Information ("ESI"), how the parties intend to preserve and produce the ESI, and whether the parties agree to adopt this district's Model Agreement Regarding the discovery of ESI.**

The parties anticipate there will be discovery of electronically stored information, at least in the form(s) specified in response to Section No. 8, above. To comply with the parties' obligation to take reasonable and proportional steps to preserve discoverable information in the party's possession, custody or control, each party will immediately review all records, files, hard drive(s), or other electronic storage media, including all relevant email account (including archives), personal or work cell phones and PDAs, external, USB or "thumb" drives or data storage, and all personal, family or employment computers, to identify potentially relevant documents and information during the relevant time period.

The parties agree that ESI will be produced to the requesting party with searchable text, in a format to be decided between the parties. Acceptable formats include, but are not limited to, native files, multi-page TIFFs (with a companion OCR or extracted text file), and searchable PDF.

COMBINED JOINT STATUS REPORT AND DISCOVERY PLAN
PAGE 4 OF 6

**CHOATE LAW FIRM, LLC**
424 N. Franklin Street
Juneau, Alaska 99801
Telephone: (907) 586-4490 Fax: (888) 856-3894
lawyers@choatelawfirm.com

10. **Unique or extensive claims of privilege or work product protection.**

The parties do not anticipate unique or extensive claims of privilege or work product protection.

11. **Procedures for handling the inadvertent disclosure of privileged information.**

The parties will handle any inadvertent disclosure of privileged information pursuant to the procedure specified in FRCP 26(b)(5)(B). The parties will confer in an attempt to resolve any discovery issue by agreement. In the event that they are unable to do so, they will present the issue to the Court for resolution.

12. **Changes, if any, on the limitations on discovery.**

The parties agree to abide by the discovery limits set under the Federal Rules of Civil Procedure, including that each side is allowed 10 depositions. The parties agree this is a non-presumptive limit, and either party may petition the court for additional depositions, or to exceed any other discovery limit, if the parties cannot reach a stipulation regarding the same.

13. **Discovery close.**

The parties propose a discovery cut-off of June 1, 2018.

14. **Prompt and efficient resolution of case.**

The parties have already deposed David Leon who, upon information and belief, has moved to live permanently in Spain.

15. **Alternate Dispute Resolution.**

The parties anticipate submitting to alternative dispute resolution with a local mediation service prior to or at the close of discovery.

16. **Trial.**

The parties anticipate that this case will be ready for trial on September 1, 2018.

COMBINED JOINT STATUS REPORT AND DISCOVERY PLAN
PAGE 5 OF 6

**CHOATE LAW FIRM, LLC**
424 N. Franklin Street
Juneau, Alaska 99801
Telephone: (907) 586-4490 Fax: (888) 856-3894
lawyers@choatelawfirm.com

17. **Jury or Bench Trial.**

   This case will be tried to a jury.

18. **Number of Trial Days.**

   The parties believe that 5 days will likely be required for trial, not counting jury selection.

19. **FRCP 7.1 and LCR 7.1 Disclosures.**

   The parties will serve FRCP and LCR 7.1 disclosures on or before September 15, 2017.

DATED: August 1, 2017.                     CHOATE LAW FIRM LLC

                                           /s/Mark C. Choate
                                           Mark C. Choate, LLC
                                           424 N. Franklin Street
                                           Juneau, AK 99801
                                           Tel: (907) 586-4490
                                           Fax: (888) 856-3804
                                           Email: service@choatelawfirm.com
                                           WSBA No. 43049
                                           Attorneys for Plaintiff

DATED: August 1, 2017                      COKINOS, BOSIEN & YOUNG

                                           /s/ Thomas Bleich
                                           Thomas Bleich
                                           1210 Nueces Street
                                           Austin, TX 78701-1733
                                           jewbank@cokinoslaw.com
                                           tbleich@cokinoslaw.com
                                           Attorneys for Defendant
                                           Alpha Epsilon Pi

Dated:  August 1, 2017                     WILSON SMITH COCHRAN DICKERSON
                                           /s/ Jeff Sbaih
                                           Jeff Sbaih
                                           901 Fifth Avenue, Suite 1700
                                           Seattle, WA 98164-2050
                                           jackson@wscd.com
                                           sbaih@wscd.com
                                           Attorneys for Defendant
                                           David Leon

COMBINED JOINT STATUS REPORT AND DISCOVERY PLAN
PAGE 6 OF 6

CHOATE LAW FIRM, LLC
424 N. Franklin Street
Juneau, Alaska 99801
Telephone: (907) 586-4490 Fax: (888) 856-3894
lawyers@choatelawfirm.com