UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

EVAN CARNAHAN,

        Plaintiff,

    v.

ALPHA EPSILON PI FRATERNITY, INC., and DAVID LEON,

        Defendants.

Case No. C17-86RSL

ORDER DENYING
MOTION TO DISMISS

This matter comes before the Court on defendant Alpha Epsilon Pi Fraternity, Inc.'s "Motion to Dismiss Pursuant to F.R.C.P. 12(b)(6)." Dkt. # 13. For the reasons explained below, the motion is DENIED.

## I.    BACKGROUND

This case arises out of an injury that plaintiff Evan Carnahan allegedly suffered at the hands of a fraternity brother, which required Carnahan to undergo long-term medical care and forced him to drop out of the University of Washington. Carnahan filed a complaint alleging negligence on the part of the fraternity brother, David Leon, and negligence and breach of contract on the part of the national fraternity, Alpha Epsilon Pi Fraternity, Inc. (AEP).

AEP moves to dismiss the complaint, arguing that Carnahan erroneously sued the national organization instead of its local chapter, that the national fraternity owed Carnahan no duty of care, and that Carnahan did not sufficiently allege facts for a breach-of-contract claim.

## II. DISCUSSION

Federal pleading rules require that a complaint include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This requirement serves to "give the defendant fair notice of what the claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 545 (2007) (internal marks and citation omitted). A complaint's factual allegations need not be detailed, but they must sufficiently state a "plausible" ground for relief. Id. at 544. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). When deciding a Rule 12(b)(6) motion to dismiss, the Court accepts all well-pleaded allegations of material fact as true and construes those facts in the light most favorable to the non-moving party. Manzarek v. St. Paul Fire & Marine Ins. Co., 519 F.3d 1025, 1031 (9th Cir. 2008). "Dismissal is proper only where there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory." Taylor v. Yee, 780 F.3d 928, 935 (9th Cir. 2015).

### A. The Propriety of Alpha Epsilon Pi, Inc. as a Defendant

First, defendant argues Carnahan sued the national fraternal organization AEP, when the complaint's allegations, in context, indicate Carnahan actually meant to sue the fraternity's local chapter. Carnahan responds that he did, in fact, intend to sue the national organization and further asserts that, at the time of his injury, the national fraternity and its local chapter were legally indistinguishable.

The Court finds no flaw with Carnahan's choice of defendants. AEP cites no legal authority in its argument that Carnahan named the wrong defendant. To dismiss Carnahan's complaint on this basis would contravene courts' longstanding practice of deferring to the choices in a plaintiff's complaint. See Beneficial Nat. Bank v. Anderson, 539 U.S. 1, 12 (2003) ("The well-pleaded-complaint rule makes the plaintiff the master of the claim." (citations and alterations omitted)). Indeed, "the plaintiff is the master of the complaint and has the option of naming only those parties the plaintiff chooses to sue." Lincoln Prop. Co. v. Roche, 546 U.S. 81, 91 (2005) (quoting 16 J. Moore et al., Moore's Federal Practice § 107.14 (3d ed. 2005)). The

Court finds no reason to dismiss Carnahan's complaint on this ground, and AEP will have ample opportunity to distinguish its national and local entities in a motion for summary judgment.

**B. Negligence Claim**

Next, AEP argues Carnahan's negligence claim should be dismissed because AEP did not owe Carnahan a duty of care. A duty of care is an essential element of a negligence claim. Nivens v. 7-11 Hoagy's Corner, 133 Wn.2d 192, 198 (1997). A defendant "has a duty to exercise reasonable care when the [defendant's] conduct creates a risk of physical harm." Michaels v. CH2M Hill, Inc., 171 Wn.2d 587, 608 (2011) (quoting Restatement (Third) of Torts: Liability for Physical & Emotional Harm § 7(a) (Am. Law. Inst. 2010)). For example, when developers undertake the construction of a building, they are under a duty to design and construct it with the same level of skill, care, and learning as their professional peers. See id.

If a defendant's conduct did not create a risk of physical harm, the defendant is generally under no duty to protect a plaintiff, but an affirmative duty to protect may proceed from a "special relationship" either between the defendant and the plaintiff or between the defendant and a third party who harms the plaintiff. Petersen v. State, 100 Wn.2d 421, 426 (1983). For example, a business owner has a duty to take reasonable steps to protect customers from foreseeable physical assaults on business premises. See Nivens, 133 Wn.2d at 202. Other examples of special relationships include "common carrier and passenger; employer and employee; psychotherapist and patient; hospital and patient; innkeeper and guest; and school and student." Id. at 201 (citations omitted). When determining whether a special relationship exists, courts look to the plaintiff-defendant relationship, the defendant-tortfeasor relationship, the defendant's knowledge of the risk posed, and the defendant's ability to prevent it. See C.J.C. v. Corp. of Catholic Bishop of Yakima, 138 Wn.2d 699, 721–24 (1999).

Here, Carnahan has pleaded facts sufficient to infer a duty of due care based on traditional principles of negligence and based on a special relationship. Regarding traditional negligence principles, Carnahan alleges that AEP established and sponsored a fraternity at the University of Washington, that AEP recruited and accepted members there, and that those members paid dues in exchange for a place to live, eat, gather, and engage in other social

activities. To the extent that the establishment and sponsorship of a fraternity creates a risk of harm to the members it recruits, the organization that establishes and sponsors the fraternity is under a duty to exercise reasonable care regarding the risk of harm that conduct creates.

As for a special relationship, Carnahan alleges that he and defendant Leon were recruited to join AEP, that he and Leon rushed and pledged membership to AEP (though at different times), that AEP provided them membership and a place to live (for which dues and housing fees were presumably paid), and that AEP was repeatedly disciplined for violating rules against providing alcohol to minor members. Insofar as AEP benefits from fraternity brothers' dues and membership, that relationship resembles the economic benefits businesses and innkeepers derive from customers and guests, respectively. See Nivens, 133 Wn.2d at 202 ("[A] special relationship exists between a business and an invitee because the invitee enters the business premises for the economic benefit of the business."). Based on Carnahan's allegations, he at least asserts a cognizable legal theory that the parties' relationship created a duty to protect him from foreseeable alcohol-related risks that proceeded from his association with the fraternity and from his residence in the fraternity house.

AEP cites a number of cases in which national fraternity organizations, for various reasons, were not liable for injuries arising out of incidents involving local chapters. In the first place, a number of these cases are distinguishable because they do not involve plaintiffs who were actual fraternity members. See, e.g., Sparks v. Alpha Tau Omega Fraternity, Inc., 255 P.3d 238, 241 (Nev. 2011) (football fan injured by drunk young men from a fraternity tailgate); Colangelo v. Tau Kappa Epsilon Fraternity, 517 N.W.2d 289, 290 (Mich. Ct. App. 1994) (college student hit by a drunk driver leaving a fraternity party). More importantly, nearly all of the cases AEP cites were decided at the summary judgment stage. Further development of the record may indeed reveal that, on this case's facts, the national AEP organization was not subject to a duty of care or that the harm here was unforeseeable and beyond any duty's scope. See Schooley v. Pinch's Mkt., Inc., 134 Wn.2d 468, 474 (1998). Those determinations, however, are not appropriately made on the pleadings.

### C. Contract Claim

Finally, AEP asserts Carnahan's claim for breach of contract should be dismissed because that claim is not sufficiently pleaded in Carnahan's complaint. To prevail on a breach-of-contract claim, a plaintiff must show an enforceable contract with the defendant, a breach of the defendant's obligations under the contract, and that the breach caused plaintiff damages. Fid. & Deposit Co. of Md. v. Dally, 148 Wn.App. 739, 745 (Wash. Ct. App. 2009); see 25 David K. DeWolf, et al., Washington Practice, Contract Law & Practice § 1:1 (3d ed. 2014 & Supp. 2017) ("A contract claim is actionable only if the contract imposes a duty, the duty is breached, and the breach proximately causes damage to the claimant.").

Carnahan's complaint alleges that he joined AEP and chose to live in its fraternity house, and that AEP promised to provide a healthy and safe living environment in exchange. The complaint alleges AEP breached that promise by virtue of providing underage members access to alcohol. Finally, it alleges Carnahan was injured and suffered damages as a result of AEP's breach. Carnahan has not attached a housing agreement or otherwise specified the terms of his alleged contract with AEP. To be sure, Carnahan's burden at future stages will require filling out his allegations with more robust facts. At this stage, however, his complaint sufficiently pleads a claim for breach of contract.

### III. CONCLUSION

For the foregoing reasons, defendant's motion, Dkt. # 13, is DENIED.

DATED this 22nd day of November, 2017.

*Robert S. Lasnik*
Robert S. Lasnik
United States District Judge