THE HONORABLE ROBERT S. LASNIK

IN THE UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| EVAN CARNAHAN,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>DAVID LEON<br><br>　　　　　　Defendant. | Case No. 2:17-cv-00086 RSL<br><br>MOTION TO COMPEL DISCOVERY AND DETERMINE SUFFICIENCY OF ANSWERS<br><br>**ORAL ARGUMENT REQUESTED**<br><br>NOTED ON MOTION CALENDAR:<br>July 6, 2018 |

**Introduction**

Plaintiff EVAN CARNAHAN ("Carnahan") moves the Court pursuant to Civil Rules 36(a)(6) and 37(a)(3)(B) to 1) order Defendant DAVID LEON ("Leon") to produce a recorded statement made to him to his insurer on or about May 23, 2017, 2) produce communications regarding insurance coverage between him and his insurer, and 3) determine that Leon has

MOTION TO COMPEL DISCOVERY AND
DETERMINE SUFFICIENCY OF ANSWERS
*Carnahan v. Leon*
2:17-cv-00086 RSL
Page 1 of 13

**CHOATE LAW FIRM LLC**
424 N. Franklin St., Juneau, AK 99801
Tel: (907) 586-4490 Fax: (888) 856-3894
lawyers@choatelawfirm.com

provided insufficient answers to Rule 36 Requests for Admission and either order Leon to fully answer the requests or, in the alternative, deem the requests admitted. Plaintiff also requests reasonable attorney's fees under Civil Rules 37(a)(5) and 36(a)(6) for the time spent in bringing this motion.

**Relevant Factual and Procedural History**

On June 14, 2018, Leon served his responses to Plaintiff's Second Discovery Requests.[1] On June 15, 2018, Carnahan's counsel emailed a letter to Leon's counsel requesting to meet and confer regarding Leon's responses.[2] The letter identified the responses at issue as well as a brief description of Carnahan's concern with each identified response. On June 19, 2018, Dylan Jackson wrote a letter to Mark Choate claiming that Plaintiff's Second Discovery Requests violated Rule 26(b)(5) because the requests for admission contained *information* from the letter that is the subject of the motion at Docket 45.[3] On June 20, 2018, the parties met and conferred via telephone and were unable to resolve Plaintiff's concerns regarding the sufficiency of Leon's responses.[4] This motion follows.

**Argument**

**Response to Request for Production 1**

> **REQUEST FOR PRODUCTION NO. 1:** Produce a copy of any statement in the possession of yourself, your attorneys or insurance adjusters/company regarding the "subject incident."

---

[1] Exhibit 1 (Leon's Responses to Plaintiff's Second Discovery Requests).
[2] Exhibit 2 (June 15, 2018 Letter from Mark Choate to Dylan Jackson).
[3] Exhibit 3 (June 19, 2018 Letter from Dylan Jackson to Mark Choate).
[4] Declaration of Mark Choate.

MOTION TO COMPEL DISCOVERY AND
DETERMINE SUFFICIENCY OF ANSWERS
*Carnahan v. Leon*
2:17-cv-00086 RSL
Page 2 of 13

CHOATE LAW FIRM LLC
424 N. Franklin St., Juneau, AK 99801
Tel: (907) 586-4490 Fax: (888) 856-3894
lawyers@choatelawfirm.com

Case 2:17-cv-00086-SAB   Document 63   Filed 06/21/18   Page 3 of 13

**RESPONSE:** Mr. Leon provided a statement to his insurance company, CSAA, on 5/23/17. The referenced statement was provided during litigation. It is therefore protected from discovery under Rule 26(b)(3).[5]

The recorded statement referenced in the response is the same recorded statement at issue in the motion at Docket 41 (redacted version) and Docket 45 (under seal). For the same reasons provided in that motion and its reply, the Court should find the recorded statement discoverable and order its production to Carnahan by Leon as 1) the statement was produced for an ordinary business reason and is not work product, 2) if it were work product, the protection was waived by its disclosure, and 3) in any event, Plaintiff has substantial need of the statement for the reasons discussed in the prior motion.[6]

Plaintiff's arguments for discoverability are strengthened by Leon's June 14, 2018 discovery responses. First, we now know that the statement was created on May 23, 2017, the *same day as the reservation of rights letter*.[7] This timing corroborates that the statement was taken by Leon's insurer for purposes of coverage determination, not to assist in the defense. Second, this timing underscores Plaintiff's substantial need for the recorded statement. "The relevance and importance of a document, for purposes of the substantial need exception to work product protection, can be established by showing the document is necessary for impeachment purposes or to prevent fraud or misuse of the Court."[8] The impeachment value of Leon's statement is even stronger now that it is confirmed that it was created a little more than a month

---

[5] Exhibit 1.
[6] Dkt. 45 at 11-13; Dkt. 57 at 5-6.
[7] Prior disclosures and declarations from the defense have only identified May 23, 2017 as the date of the reservation of rights letter, not the date the statement was created.
[8] *Suggs v. Whitaker*, 152 F.R.D. 501, 507–08 (M.D.N.C. 1993).

MOTION TO COMPEL DISCOVERY AND
DETERMINE SUFFICIENCY OF ANSWERS
*Carnahan v. Leon*
2:17-cv-00086 RSL
Page 3 of 13

**CHOATE LAW FIRM LLC**
424 N. Franklin St., Juneau, AK 99801
Tel: (907) 586-4490 Fax: (888) 856-3894
lawyers@choatelawfirm.com

before Leon's deposition. If Leon stated that he has a memory of the subject incident in the recording, then his claim at his deposition that he has never had a memory of the subject incident cannot be reasonably explained as a consequence of the passage of time. Alternatively, his sudden loss of memory would also support substantial need.[9]

Leon's discovery responses also demonstrate the consequences if Leon is allowed to testify at trial as he did at his deposition *without* Plaintiff being able to impeach him with his recorded statement. At the same time that Leon argues in his response at Docket 49 that his deposition testimony could not be contradicted by a recorded statement,[10] he simultaneously responds to requests for admission regarding the subject incident with a response denying that the incident occurred "to the extent" it conflicts with his deposition testimony that he has no memory from the days in question.[11] These conflicting positions are facilitated by Leon's claim of work product protection. The Court should find that the recorded statement is discoverable and order its immediate production. In the alternative, at a minimum, the Court should order an in camera review of the statement to determine whether Plaintiff has substantial need of it.

**Response to Request for Production 2**

> **REQUEST FOR PRODUCTION NO. 2:** Produce copies of all communications between yourself, your agents and/or attorneys regarding insurance coverage in this matter with CSAA Ins. Group, its agents and attorneys.
> **RESPONSE:** Mr. Leon objects this Request as vague, overbroad, and unduly burdensome. Without waiver, communications between Mr. Leon and his attorneys are protected under the attorney-client privilege and are not subject to discovery.

---

[9]   *See Suggs v. Whitaker*, 152 F.R.D. 501, 507 (M.D.N.C. 1993) ("[I]f a party or witness has no recollection of the events of the accident, this loss of memory constitutes an inability to obtain the substantial equivalent of the facts in the [work product document] by other means.")
[10]   Dkt. 49 at 13.
[11]   Discussed in more detail *infra* at 6-10.

MOTION TO COMPEL DISCOVERY AND DETERMINE SUFFICIENCY OF ANSWERS
*Carnahan v. Leon*
2:17-cv-00086 RSL
Page 4 of 13

CHOATE LAW FIRM LLC
424 N. Franklin St., Juneau, AK 99801
Tel: (907) 586-4490 Fax: (888) 856-3894
lawyers@choatelawfirm.com

> Moreover, communications between Mr. Leon and his insurance company, CSAA, occurred during litigation and are therefore protected from discovery under Rule 26(b)(3).

The objections here are boilerplate and should be overruled. It is reasonably clear that this request seeks communications between Mr. Leon and CSAA or his attorneys and CSAA regarding insurance coverage, not communications between Mr. Leon and his attorneys. Leon has provided no privilege log and no support for the objection that the request is "unduly burdensome." Communications regarding insurance coverage are not work product. Even if they were, Leon has waived any work product protection as to communications regarding coverage by disclosing a reservation of rights letter (Dkt. 41-5) and a subsequent letter withdrawing the reservation of rights (Dkt. 50-10).[12] Alternatively, as Leon has argued that the civil rules require Leon to disclose such communications,[13] Leon should be held to that prior argument.

**Responses to Requests for Admission 3-5**

RFAs 3 through 5 address a reservation of rights letter dated May 23, 2017, initially produced in unredacted form by Leon on January 3, 2018, which was later clawed back and substituted with a redacted version.[14] The redacted portions of the letter are the subject of the pending motion at Docket 41 (redacted version) and Docket 45 (under seal). To each of these three RFAs, Leon responded as follows:

---

[12] *See Informatica Corp. v. Business Objects Data Integration, Inc.*, 454 F. Supp. 2d 957, 963 (N.D. Cal. 2006) (waiver of work product protection "extends to factual or non-opinion work product concerning the same subject matter as the disclosed work product.")
[13] *See* Docket 49 at 11.
[14] Dkt. 41-5.

MOTION TO COMPEL DISCOVERY AND DETERMINE SUFFICIENCY OF ANSWERS
*Carnahan v. Leon*
2:17-cv-00086 RSL
Page 5 of 13

CHOATE LAW FIRM LLC
424 N. Franklin St., Juneau, AK 99801
Tel: (907) 586-4490 Fax: (888) 856-3894
lawyers@choatelawfirm.com

> Admit that the document speaks for itself. Mr. Leon will not recharacterize what the document says. Deny to the extent this Request is contrary to the plain language of the letter.[15]

"The document speaks for itself" is not a valid response to a request for admission.[16] The objection that a document "speaks for itself" is "textbook 'folklore' and not in compliance with Rule 36."[17] Furthermore, "to the extent this Request is contrary to the plain language of the letter" is ambiguous because it fails to identify the "plain language of the letter" that Leon asserts the Request conflicts with. The Court should find that these responses are insufficient.

**Responses to Requests for Admission 6-15**

RFAs 6 through 15 address the factual claim at the center of this litigation: whether Leon struck Carnahan in the head with an airsoft pistol.[18] Leon objected to RFAs 6 and 7 asserting that they are "vague and ambiguous." Leon responded to RFA 6 with the following:

> Without waiver, Mr. Leon testified in his deposition that he played a lot of video games in his room at AEP during the quarter in which Plaintiff claims the incident occurred. To the extent this request is inconsistent with his deposition testimony, the Request is denied.

Leon responded to RFAs 7 through 15 with the following:

> Mr. Leon testified in his deposition that he does not have a recollection of these days. To the extent this request is inconsistent with his deposition testimony, the Request is denied.

---

[15]   Exhibit 1 at 5-6.
[16]   *See, e.g. Miller v. Holzmann*, 240 F.R.D. 1, 4 (D.D.C. 2006).
[17]   *See Frontier-Kemper Constructors, Inc. v. Elk Run Coal Co.*, 246 F.R.D. 522, 532 (S.D.W. Va. 2007).
[18]   Exhibit 1 at 6-9.

MOTION TO COMPEL DISCOVERY AND DETERMINE SUFFICIENCY OF ANSWERS
*Carnahan v. Leon*
2:17-cv-00086 RSL
Page 6 of 13

**CHOATE LAW FIRM LLC**
424 N. Franklin St., Juneau, AK 99801
Tel: (907) 586-4490 Fax: (888) 856-3894
lawyers@choatelawfirm.com

Subsequently, in the June 19, 2018 letter regarding the responses Leon's counsel also argued that the requests are improper because they "are verbatim quoted from the *unredacted* ROR Letter" and therefore violate Rule 26(b)(5).[19]

The objections to RFAs 6 and 7 are boilerplate and meritless. The responses to RFAs 6 through 15 are insufficient and evasive. The requests themselves are proper as work product protection does not apply to the underlying facts contained in the materials claimed as work product, and especially not when those underlying facts are the core factual dispute in the case. Accordingly, the objections should be overruled and the responses should be either found insufficient or deemed admitted.

**Requests 6 and 7 are neither vague nor ambiguous.**

"A party who is unable to agree with the exact wording of the request for admission should agree to an alternate wording or stipulation. When the purpose and significance of a request are reasonably clear, courts do not permit denials based on an overly-technical reading of the request."[20] Leon does not articulate what about these requests are "vague and ambiguous." In the context of this case and claims, their purpose and significance are more than reasonably clear. These objections should be overruled.

**"Mr. Leon testified in his deposition that he does not have a recollection of these days. To the extent this request is inconsistent with his deposition testimony, the Request is denied" is nonresponsive and evasive.**

---

[19] Exhibit 3 at 3.
[20] *See U.S. ex rel. Englund v. Los Angeles Cty.*, 235 F.R.D. 675, 684 (E.D. Cal. 2006).

MOTION TO COMPEL DISCOVERY AND DETERMINE SUFFICIENCY OF ANSWERS
*Carnahan v. Leon*
2:17-cv-00086 RSL
Page 7 of 13

CHOATE LAW FIRM LLC
424 N. Franklin St., Juneau, AK 99801
Tel: (907) 586-4490 Fax: (888) 856-3894
lawyers@choatelawfirm.com

These are non-answers. "A denial must fairly respond to the substance of the matter. . . . The answering party may assert lack of knowledge or information as a reason for failing to admit or deny only if the party states that it has made reasonable inquiry that the information it knows or can readily obtain is insufficient to enable it to admit or deny."[21] Mr. Leon testified at his deposition that he did not have a memory, *and never had a memory*, of the events the night that Evan Carnahan testified that Mr. Leon struck him on the head with an airsoft pistol.[22] Mr. Leon did not testify that the event did not happen, and in fact, Leon's counsel has argued to this Court that Mr. Leon's deposition testimony should not be interpreted as a denial that the events at issue happened.[23]

It is impossible to divine an answer from this "to the extent" response. If the answer is that Leon does not have sufficient information to answer the request based on his memory alone, then Leon must "undertake a good faith investigation of sources reasonably available to him . . . . in formulating answers to request for admissions."[24] Sources reasonably available to him include his recorded statement to his insurance company, which we now know was created on May 23, 2017, approximately one month before his deposition on June 30, 2017. Work product protection would not prevent Mr. Leon from using his own statement to refresh his recollection to answer these

---

[21] *See, e.g. F.D.I.C. v. Halpern*, 271 F.R.D. 191, 193-94 (D. Nev. 2010).
[22] Dkt. 41-1.
[23] Dkt. 49 at 13 ("His testimony is not contradictory with what he may have said in his insurance statement. Defendant Leon is not changing his story from 'the light was red' to 'the light was green.' Instead, he is simply saying, 'I cannot remember today what the color of the light was three years ago.'")
[24] *U.S. ex rel. Englund v. Los Angeles Cty.*, 235 F.R.D. 675, 685 (E.D. Cal. 2006) (internal quotation marks omitted).

MOTION TO COMPEL DISCOVERY AND
DETERMINE SUFFICIENCY OF ANSWERS
*Carnahan v. Leon*
2:17-cv-00086 RSL
Page 8 of 13

**CHOATE LAW FIRM LLC**
424 N. Franklin St., Juneau, AK 99801
Tel: (907) 586-4490 Fax: (888) 856-3894
lawyers@choatelawfirm.com

requests: work product protection does not protect the underlying facts contained in the material that is claimed as work product.[25] If Leon has information that shows that he does not have a good faith basis to deny these requests, he must admit them. If he has information that gives him a good faith basis to deny the requests, he should deny them. Leon cannot merely claim lack of information (especially when dispositive information exists) or word his response in such a way that its meaning relies on the eye of the beholder.

> **Leon's claim of work product protection does not bar Carnahan from submitting requests for admission regarding underlying facts contained in the materials claimed to be protected.**

Leon's allegation that Carnahan has violated Civil Rule 26(b)(5) because the requests for admission appear to be "verbatim quoted from the unredacted ROR letter" is meritless. Leon's claim of work product protection only applies to the reservation of rights letter and the recorded statement as documents and/or tangible things, it does not apply to the factual information contained within them:

> The work-product doctrine does not protect factual *information* from disclosure. Rather, it protects a party only from disclosing particular *documents* containing the information. To accommodate these principles, a party may propound interrogatories and take depositions to obtain the sought-after factual information. Here, although Plaintiff may not discover work-product documents containing factual information, he is well within his rights to discover the underlying facts of the case via alternative methods.[26]

---

[25] *See, e.g., California Sportfishing Prot. All. v. Chico Scrap Metal, Inc.*, 299 F.R.D. 638, 644 (E.D. Cal. 2014). *See also Oklahoma v. Tyson Foods, Inc.*, 262 F.R.D. 617, 629 (N.D. Okla. 2009) ("The party may choose in what form it produces relevant factual information. But, it cannot withhold relevant information on the basis of attorney work product.")

[26] *See Stern v. O'Quinn*, 253 F.R.D. 663, 687 (S.D. Fla. 2008) (emphasis in original).

MOTION TO COMPEL DISCOVERY AND
DETERMINE SUFFICIENCY OF ANSWERS
*Carnahan v. Leon*
2:17-cv-00086 RSL
Page 9 of 13

**CHOATE LAW FIRM LLC**
424 N. Franklin St., Juneau, AK 99801
Tel: (907) 586-4490 Fax: (888) 856-3894
lawyers@choatelawfirm.com

Here, due to Leon's counsel's disclosure of the unredacted reservation of rights letter, Carnahan's counsel became aware of information regarding Leon's memory of the event that is the basis for Plaintiff's claim, and statements Leon made regarding his memory of that event. While Leon may clawback the document containing the information, Leon cannot clawback the information itself for the same reason that Leon could not refuse to respond to discovery requesting those facts. To do so would not only go beyond the scope of work product protection, it would unjustly limit Carnahan's counsel's ability to conduct discovery into the core factual dispute in this case -- forcing them, through no fault of their own, to alter or avoid topics of discovery in order to avoid potentially "using" the information from the clawed back materials.

"[W]hether the information in the protected documents is known the party or is known only to the party's counsel, it does not contravene the work product rule for an attorney to question an opposing party as to the information contained in protected documents."[27] These requests did not ask Leon about the materials claimed as work product -- the unredacted reservation of rights letter and the recorded statement -- rather, they ask Leon to admit certain facts about what happened on the night of incident that is the subject of this litigation. Whether Leon struck Carnahan on the head on the night in question, the manner in which he did so, and the circumstances surrounding that event, are core factual questions in this case. Leon cannot foreclose Plaintiff's ability to ask otherwise appropriate questions regarding the core factual dispute in this case on the basis that Leon clawed back materials containing information that led Plaintiff to the right questions to ask. Leon cannot abuse a claim of work product protection to

---

[27] *Oklahoma v. Tyson Foods, Inc.*, 262 F.R.D. 617, 629 (N.D. Okla. 2009)

MOTION TO COMPEL DISCOVERY AND
DETERMINE SUFFICIENCY OF ANSWERS
*Carnahan v. Leon*
2:17-cv-00086 RSL
Page 10 of 13

CHOATE LAW FIRM LLC
424 N. Franklin St., Juneau, AK 99801
Tel: (907) 586-4490 Fax: (888) 856-3894
lawyers@choatelawfirm.com

avoid giving truthful answers to discovery requests regarding those factual questions, even if those answers are detrimental to his defense, or demonstrate that he has not been truthful. Similarly, he cannot extend a claim of work product protection to prevent discovery of the *information* available to him regarding the core factual dispute in this case.[28]

"The discovery process is subject to the overriding limitation of good faith"[29] The Court should find that these responses are insufficient and not made in good faith. It should order Leon to provide sufficient answers within 10 days of the Court's order, or, in the alternative, if the Court finds that these responses are deliberately evasive, the Court should deem these requests admitted. In determining whether these responses are evasive, the Court should consider the inconsistency between the position taken by Leon in Leon's arguments against Carnahan's substantial need for discovery of his recorded statement, and his position with respect to whether Mr. Leon's deposition testimony provides a basis with which to deny these requests for admission.

**Request for Reasonable Attorney's Fees**

Civil Rule 37(a)(5) provides that reasonable expenses, including attorney's fees, must be provided if a motion to compel discovery is granted unless (i) the movant failed to attempt in good faith to obtain the disclosure or discovery without court action, the nondisclosure, response, or objection was substantially justified, or (iii) other circumstances make an award of expenses

---

[28] *See id.* ("The party may choose in what form it produces relevant factual information. But it cannot withhold relevant information on the basis of attorney work product.")
[29] *Asea, Inc. v. S. Pac. Transp. Co.*, 669 F.2d 1242, 1246 (9th Cir. 1981).

MOTION TO COMPEL DISCOVERY AND
DETERMINE SUFFICIENCY OF ANSWERS
*Carnahan v. Leon*
2:17-cv-00086 RSL
Page 11 of 13

**CHOATE LAW FIRM LLC**
424 N. Franklin St., Juneau, AK 99801
Tel: (907) 586-4490 Fax: (888) 856-3894
lawyers@choatelawfirm.com

unjust. Civil Rule 36(a)(6) notes that Rule 37(a)(5) applies to an award of expenses in a motion regarding the sufficiency of an answer or objection to a request for admission.

Plaintiff's counsel both met and conferred with Leon's counsel and provided a letter identifying the issues with the responses and providing relevant legal authority. Under the circumstances there is no substantial justification for the nondisclosure of the recorded statement, the nondisclosure of the communications regarding coverage, and the evasive answers to the requests for admission. Plaintiff thus respectfully request that the Court award reasonable attorney's fees for the time spent preparing this motion.

### Conclusion

Plaintiff respectfully requests that the Court order 1) production of Leon's May 23, 2017 recorded statement, 2) production of communications between Leon and his insurer regarding coverage, 3) that Leon provide sufficient responses to Plaintiff's requests for admission or, in the alternative, that the Court deem the requests admitted, and 4) that the Court award reasonable attorney's fees.

Dated: Thursday, June 21, 2018.

Respectfully Submitted,

By: _____*s/Jon Choate*_____
Mark Choate, WSBA No. 43049
Jon Choate, WSBA No. 53690
CHOATE LAW FIRM LLC
424 N. Franklin Street
Juneau, AK 99801
Tel: (907) 586-4490
Fax: (888) 856-3804
Email: lawyers@choatelawfirm.com

MOTION TO COMPEL DISCOVERY AND
DETERMINE SUFFICIENCY OF ANSWERS
*Carnahan v. Leon*
2:17-cv-00086 RSL
Page 12 of 13

CHOATE LAW FIRM LLC
424 N. Franklin St., Juneau, AK 99801
Tel: (907) 586-4490 Fax: (888) 856-3894
lawyers@choatelawfirm.com

CERTIFICATE OF SERVICE

The undersigned certifies that under penalty of perjury under the laws of the State of Washington that on the below date I caused to be served the foregoing document on:

Dylan E. Jackson, WSBA #29220     Attorneys for David Leon
Jeff Sbaih, WSBA #51551
Wilson Smith Cochran Dickerson
901 Fifth Avenue #1700
Seattle, WA 98164-2050
Tel: (206) 623-4100
Fax: (206) 623-9273
( ) Via U.S. Mail
( ) Via Facsimile
(X) Via CM/ECF
( ) Via Email
Email: jackson@wscd.com
Email: sbaih@wscd.com
Email: hickman@wscd.com
Email: behbahani@wscd.com

Executed on June 21, 2018 at Brooklyn, New York.

_____s/ Jon Choate_____
CHOATE LAW FIRM, LLC

MOTION TO COMPEL DISCOVERY AND
DETERMINE SUFFICIENCY OF ANSWERS
*Carnahan v. Leon*
2:17-cv-00086 RSL
Page 13 of 13

**CHOATE LAW FIRM LLC**
424 N. Franklin St., Juneau, AK 99801
Tel: (907) 586-4490 Fax: (888) 856-3894
lawyers@choatelawfirm.com