THE HONORABLE ROBERT S. LASNIK
Trial Date: September 10, 2018

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| EVAN CARNAHAN,<br><br>Plaintiff,<br><br>vs.<br><br>ALPHA EPSILON PI FRATERNITY, INC. and DAVID LEON,<br><br>Defendants. | No. 2:17-cv-00086 RSL<br><br>DEFENDANT DAVID LEON'S RESPONSE TO PLAINTIFF'S MOTION TO COMPEL DISCOVERY AND DETERMINE SUFFICIENCY OF ANSWERS<br><br>(Noted on motion calendar: July 6, 2018) |

The Ninth Circuit law is clear: documents created "because of litigation" are protected under the work-product doctrine and are not subject to discovery. Here, Defendant Leon provided a recorded statement to his insurance company about the alleged incident on May 23, 2017 after Plaintiff filed this action and during litigation ("the Recorded Statement"). He gave the statement "because of" litigation. His statement is protected under the work-product doctrine and none of the limited exceptions to the doctrine apply here. The Court should deny Plaintiff's request to compel production of the Recorded Statement.

Plaintiff also moves to compel more complete responses to Requests for Admission that are improperly based upon and quote verbatim from the reservation of rights letter at

DEFENDANT DAVID LEON'S RESPONSE TO PLAINTIFF'S MOTION TO COMPEL DISCOVERY AND DETERMINE SUFFICIENCY OF ANSWERS
(Cause No. 2:17-cv-00086 RSL) – 1
js/JS1588.055/2924820x



901 FIFTH AVENUE, SUITE 1700
SEATTLE, WASHINGTON 98164
TELEPHONE: (206) 623-4100
FAX: (206) 623-9273

issue in another motion already before this Court ("the ROR Letter"). Defendant Leon inadvertently produced and immediately clawed back an unredacted copy of the ROR Letter containing selective quotes from the Recorded Statement. Defense counsel has repeatedly asked Plaintiff's counsel, in three letters and several telephone calls, to stop using the unredacted ROR Letter pursuant to Rule 26(b)(5). Plaintiff's counsel refused, continuing to send discovery requests and draft motions that quote and utilize the privileged document. The Court should admonish Plaintiff's counsel for their intentional, repeated, and blatant violations of Rule 26(b)(5) and award Defendants their attorney's fees for having to respond to this motion. Notwithstanding, Defendant Leon's responses to those improper Requests for Admission are appropriate and supported by Defendant Leon's deposition testimony.

The Court should deny this motion.

## AUTHORITY

### I.

### THE RECORDED STATEMENT IS PROTECTED UNDER THE WORK-PRODUCT DOCRTINE.

Plaintiff's Request for Production No. 1 states: "Produce a copy of any statement in the possession of yourself, your attorneys or insurance adjusters/company regarding the "subject incident." Defendant Leon responded: "Mr. Leon provided a statement to his insurance company, CSAA, on 5/23/17. The referenced statement was provided during litigation. It is therefore protected from discovery under Rule 26(b)(3)."

*1. The Work Protect Doctrine Applies to the Recorded Statement*

The work product doctrine protects from discovery "documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its

issue in another motion already before this Court ("the ROR Letter"). Defendant Leon inadvertently produced and immediately clawed back an unredacted copy of the ROR Letter containing selective quotes from the Recorded Statement. Defense counsel has repeatedly asked Plaintiff's counsel, in three letters and several telephone calls, to stop using the unredacted ROR Letter pursuant to Rule 26(b)(5). Plaintiff's counsel refused, continuing to send discovery requests and draft motions that quote and utilize the privileged document. The Court should admonish Plaintiff's counsel for their intentional, repeated, and blatant violations of Rule 26(b)(5) and award Defendants their attorney's fees for having to respond to this motion. Notwithstanding, Defendant Leon's responses to those improper Requests for Admission are appropriate and supported by Defendant Leon's deposition testimony.

The Court should deny this motion.

## AUTHORITY

### I.

### THE RECORDED STATEMENT IS PROTECTED UNDER THE WORK-PRODUCT DOCRTINE.

Plaintiff's Request for Production No. 1 states: "Produce a copy of any statement in the possession of yourself, your attorneys or insurance adjusters/company regarding the "subject incident." Defendant Leon responded: "Mr. Leon provided a statement to his insurance company, CSAA, on 5/23/17. The referenced statement was provided during litigation. It is therefore protected from discovery under Rule 26(b)(3)."

*1. The Work Protect Doctrine Applies to the Recorded Statement*

The work product doctrine protects from discovery "documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its

DEFENDANT DAVID LEON'S RESPONSE TO PLAINTIFF'S MOTION TO COMPEL DISCOVERY AND DETERMINE SUFFICIENCY OF ANSWERS (Cause No. 2:17-cv-00086 RSL) – 2
js/JS1588.055/2924820x

WILSON SMITH COCHRAN DICKERSON
901 FIFTH AVENUE, SUITE 1700
SEATTLE, WASHINGTON 98164
TELEPHONE: (206) 623-4100
FAX: (206) 623-9273

representative." *See In re Grand Jury Subpoena*, 357 F.3d 900, 906 (9th Cir.2004). "A document should be deemed prepared 'in anticipation of litigation' and thus eligible for work product protection under Rule 26(b)(3) if in light of the nature of the document and the factual situation in the particular case, the document can be fairly said to have been prepared or obtained because of the prospect of litigation." *Id.* at 907. The "because of" standard does not consider whether litigation was a primary or secondary motive behind the creation of a document. Rather, it considers the totality of the circumstances and affords protection when it can fairly be said that the document was created because of anticipated litigation, and would not have been created in substantially similar form but for the prospect of that litigation[.]" *Id.*

After Plaintiff filed this lawsuit and during this litigation, Defendant Leon provided an unsworn statement to his insurance company, CSAA, about the alleged incident at issue in this case. He gave that statement on May 23, 2017 in direct response to Plaintiff filing this lawsuit. In other words, it was given "because of" this litigation. There is no evidence that Defendant Leon would have given the statement but for Plaintiff filing this lawsuit. Therefore, the statement is protected under the work-product privilege.

Plaintiff claims the Recoded Statement is not protected because it was given on the same day a coverage opinion was issued. This reasoning ignores the Ninth Circuit's guidance on how courts should decide the applicability of the work-product privilege. So long as the statement was given "because of" litigation (as is the case here), the primary or even secondary purpose behind the litigation is irrelevant.

   2. *<u>Defendant Leon Never Waived the Work-Product Privilege.</u>*

Plaintiff claims Defendant Leon waived the work-product privilege but does not provide any evidence in support. Work product protection is waived when a party discloses

DEFENDANT DAVID LEON'S RESPONSE TO
PLAINTIFF'S MOTION TO COMPEL DISCOVERY
AND DETERMINE SUFFICIENCY OF ANSWERS
(Cause No. 2:17-cv-00086 RSL) – 3
js/JS1588.055/2924820x

WILSON SMITH COCHRAN DICKERSON
901 FIFTH AVENUE, SUITE 1700
SEATTLE, WASHINGTON 98164
TELEPHONE: (206) 623-4100
FAX: (206) 623-9273

protected information to a third party who is not bound to maintain its confidence, or otherwise shows disregard for the protection by making the information public. *Bittaker v. Woodford*, 331 F.3d 715, 719, 720 n.4 (9th Cir. 2003). Defendant Leon never produced the Recorded Statement. The privilege over the statement was never waived.

To the extent Plaintiff claims Defendant Leon waived the work product privilege over the Recorded Statement by inadvertently producing the ROR Letter quoting portions of it, waiver requires more than the disclosure of confidential information; "it requires an act inconsistent with the adversarial system." *Hartford Fire Ins. Co. v. Garvey*, 109 F.R.D. 323, 328 (N.D. Cal. 1985). Defendant Leon never intended for Plaintiff to receive the unredacted ROR Letter. It was inadvertently produced. That is exactly why Rule 26(b)(5)(B) exists and allows a party to claw back an inadvertently produced document. Plaintiff has not provided any evidence proving the privilege over the Recorded Statement was somehow waived.

   3. <u>**There Is No Substantial Need for the Recorded Statement.**</u>

Plaintiff seeks the Recorded Statement to prove that Defendant Leon struck him on the head. ***But Plaintiff himself has testified this occurred and no witness has testified under oath that the incident did not happen.*** In fact, in his deposition, Defendant Leon accedes to Plaintiff's claim that the incident occurred but testified he just does not have a memory of it. Therefore, there is no "impeachment value" in forcing Defendant Leon to divulge protected conversations with his insurance carrier.

Furthermore, at his deposition, Plaintiff stated there were other witnesses in the room at the time of the incident. Plaintiff has deposed one, but not all, of those witnesses. There is no substantial need for the Recorded Statement where there are other eye witnesses who can testify about the incident.

DEFENDANT DAVID LEON'S RESPONSE TO
PLAINTIFF'S MOTION TO COMPEL DISCOVERY
AND DETERMINE SUFFICIENCY OF ANSWERS
(Cause No. 2:17-cv-00086 RSL) – 4
js/JS1588.055/2924820x

WILSON SMITH COCHRAN DICKERSON

901 Fifth Avenue, Suite 1700
Seattle, Washington 98164
Telephone: (206) 623-4100
Fax: (206) 623-9273

### 4. *In the Alternative, Defendant Leon Requests an In Camera Review.*

Defendant Leon is hamstrung to meaningfully address many of Plaintiff's arguments about the Recorded Statement and the ROR Letter in more detail given that doing so would require him to substantially reference and quote from a protected document. Therefore, if the Court is inclined to compel production of the Recorded Statement and/or the ROR Letter, Defendant Leon asks that the Court review these documents *in camera*. Importantly, upon review, the Court will note that (1) the Recorded Statement is **not** inconsistent with Defendant Leon's deposition testimony (as Plaintiff claims), (2) the unredacted ROR Letter inaccurately and incompletely quotes Defendant Leon's statements from the Recorded Statement, and (3) the ROR Letter takes Defendant Leon's statements out of context.

## II.

## DEFENDANT LEON PRODUCED RESPONSIVE DOCUMENTS

Plaintiff's Request for Production No. 2 states: "Produce copies of all communications between yourself, your agents and/or attorneys regarding insurance coverage in this matter with CSAA Ins. Group, its agents and attorneys."

Defendant Leon responded: "Mr. Leon objects to this Request as vague, overbroad, and unduly burdensome. Without waiver, communications between Mr. Leon and his attorneys are protected under the attorney-client privilege and are not subject to discovery. Moreover, communications between Mr. Leon and his insurance company, CSAA, occurred during litigation and are therefore protected from discovery under Rule 26(b)(3). Notwithstanding, in a good faith effort to comply with the Initial Disclosure requirements under Rule 26(a)(1) related to insurance coverage and without waiver of any privileges, Mr.

DEFENDANT DAVID LEON'S RESPONSE TO
PLAINTIFF'S MOTION TO COMPEL DISCOVERY
AND DETERMINE SUFFICIENCY OF ANSWERS
(Cause No. 2:17-cv-00086 RSL) – 5
js/JS1588.055/2924820x

WILSON SMITH COCHRAN DICKERSON

901 FIFTH AVENUE, SUITE 1700
SEATTLE, WASHINGTON 98164
TELEPHONE: (206) 623-4100
FAX: (206) 623-9273

Leon directs Plaintiff to LEON 74 previously disclosed in a supplemental initial disclosure." Plaintiff challenges Defendant Leon's objections and response.

The Request is overly broad because it seeks "all documents" between Mr. Leon and his counsel related to insurance coverage. Those communications are privileged and protected under the attorney-client privilege.

The Request also seeks defense counsel's communications with CSAA, its agents, and attorneys. These communications have nothing to do with the issues in this personal injury case. They are work-product and not likely to lead to the discovery of admissible evidence. Defendant Leon's objections are proper.

As to written communications between Defendant Leon and CSAA, Defendant Leon has produced with his Initial Disclosures (1) a copy of the ROR Letter from CSAA's coverage counsel, (2) a copy of CSAA's letter rescinding its reservation of rights in this case. There are no other documents to produce.

### III.

### DEFENDANT LEON PROPERLY RESPONDED TO THE REQUESTS FOR ADMISSION

**1. Requests for Admission No. 3-5**

These requests ask Defendant Leon to admit that the ROR Letter says certain things:

> RFA 3: Admit that Marcus's letter [the ROR Letter] states she was retained to advise CSAA Ins. Group with respect to *insurance coverage issues* in regards to the incident that gave rise to the lawsuit *Carnahan v. Alpha Epsilon Pi Fraternity, Leon.*

> RFA 4: Admit that Marcus's letter only communicated to you CSAA Ins. Group's legal position that there is no coverage for this incident.

DEFENDANT DAVID LEON'S RESPONSE TO
PLAINTIFF'S MOTION TO COMPEL DISCOVERY
AND DETERMINE SUFFICIENCY OF ANSWERS
(Cause No. 2:17-cv-00086 RSL) – 6
js/JS1588.055/2924820x

WILSON SMITH COCHRAN DICKERSON

901 FIFTH AVENUE, SUITE 1700
SEATTLE, WASHINGTON 98164
TELEPHONE: (206) 623-4100
FAX: (206) 623-9273

<u>RFA 5</u>:  Admit that Marcus's letter did not address in any fashion the strategy, planning or attorney work-product regarding the defense of this matter by CSAA or its assigned attorney Dylan Jackson.

Defendant Leon did not author the ROR Letter. Nor did he ever communicate with its author. Therefore, his knowledge about the letter is limited to the plain language of the letter, just like Plaintiff. Where requests for admission do not narrow the range of issues for trial but are unreasonably cumulative and duplicative of other discovery taken in the case, the requests do not serve the purpose of Rule 36(a) and are properly subject to objection. *Caruso v. Coleman Co.*, 1995 WL 347003 at \*2 (E.D.Pa. June 07, 1995). Moreover, requests for admission asking a party to admit a document contains certain text is properly objectionable. *See Van Wagenen v. Consolidated Rail Corp.*, 170 F.R.D. 86, 87 (N.D.N.Y.1997) (requests for admission that "simply restate sentences" from a document are "unreasonably duplicative and cumulative"); *Workman v. Chinchinian*, 807 F.Supp. 634, 648 (E.D.Wash.1992) (requests for admission asking party to admit that a letter contained certain statements is improper).

### 2. **Plaintiff's Counsel Violated Rule 26(b)(5) When Propounding Requests for Admission No. 6-15**

These requests improperly quote verbatim the inadvertently produced and previously clawed back portions of the unredacted ROR Letter which is the subject to another motion before the Court.  Notably, defense counsel sent **three** letters and instructed Plaintiff's counsel on several occasions to return and stop using the unredacted ROR Letter and cease and desist all use of it, pursuant to Rule 26(b)(5)(B). Rather than doing so, Plaintiff's counsel chose to ignore those requests, ignore the Rules of Civil Procedure, and continue actively using the clawed-back material in discovery requests and motions circulated among counsel. Plaintiff's counsel did so intentionally.

DEFENDANT DAVID LEON'S RESPONSE TO PLAINTIFF'S MOTION TO COMPEL DISCOVERY AND DETERMINE SUFFICIENCY OF ANSWERS (Cause No. 2:17-cv-00086 RSL) – 7
js/JS1588.055/2924820x

WILSON SMITH COCHRAN DICKERSON

901 Fifth Avenue, Suite 1700
Seattle, Washington 98164
Telephone: (206) 623-4100
Fax: (206) 623-9273

"In all cases when documents are inadvertently produced, the recipient of the information is ***duty-bound*** to return the documents when the inadvertence of the production is made known. See Fed. R. Civ. P. 26(b)(5)(B). ***A party may not simply keep the documents for its own use.***" *W. & Clay, LLC v. Landmark Am. Ins. Co.*, 2011 WL 13234281, at *1 (W.D. Wash. Jan. 31, 2011). Here, Plaintiffs' counsel ***never*** returned the documents. Plaintiffs' counsel ***ignored*** three letters, several telephonic requests, and emails asking for them to return the ROR Letter. Instead, Plaintiffs' counsel continued using the unredacted and clawed-back portions of the ROR Letter with impunity. Rule 26(b)(5)(B) exists for a reason. Plaintiffs' counsel violated that Rule. The Court should not condone these tactics and should issue monetary sanctions for these intentional violations.[1] Moreover, Defendant Leon's responses to these Requests for Admission are completely proper, as explained in turn.

### 3. Requests for Admission No. 6

This Request states: "Admit that on the evening of January 25, 2014 and/or early morning of January 26, 2014 you were playing video games in your room." Defendant Leon responded: "Objection. Vague and ambiguous. Without waiver, Mr. Leon testified in his deposition that he played a lot of video games in his room at AEP during the quarter in which Plaintiff claims the incident occurred. To the extent this request is inconsistent with his deposition testimony, the Request is denied."

At his deposition, Defendant Leon testified that he does not have a memory of the alleged incident and does not recall if he was playing video games before the incident:

> Q. So if you don't remember the incident itself, do you have any recollection of any other events of that day before the incident?

---

[1] Defendant Leon incorporates by reference the factual history of Plaintiff's improper conduct explained in more detail in their prior briefing at Docket No. 49, pp. 3-8.

DEFENDANT DAVID LEON'S RESPONSE TO
PLAINTIFF'S MOTION TO COMPEL DISCOVERY
AND DETERMINE SUFFICIENCY OF ANSWERS
(Cause No. 2:17-cv-00086 RSL) – 8
js/JS1588.055/2924820x

WILSON SMITH COCHRAN DICKERSON
901 FIFTH AVENUE, SUITE 1700
SEATTLE, WASHINGTON 98164
TELEPHONE: (206) 623-4100
FAX: (206) 623-9273

**A. No.**
Q. Is that just because of the passage of time?
**A. I think so, yeah.**[2]

…

Q. And you believe you were playing the video game in your room? Sorry. You believe you were playing the video game in your room prior to the incident happening?
**A. I don't know. I just know that I did spend a lot of time playing that video game that quarter. I couldn't say.**[3]

Defendant Leon is not able to further admit or deny the Request because, as he clearly testified in his deposition, he does not have a memory of the events and does not recall if he was playing video games in his room. His response and denial are proper.[4]

4. **Requests for Admission No. 7**

This Request states: "Admit that on the evening of January 25, 2014 and/or early morning of January 26, 2014 that you were engaged in trash talk." Defendant Leon responded: "Objection. Vague and ambiguous. Mr. Leon testified in his deposition that he does not have a recollection of these days. To the extent this request is inconsistent with his deposition testimony, the Request is denied." At his deposition, Defendant Leon testified that he did not have any recollection of the other events before the incident.[5] His response and denial are proper.

5. **Request for Admission No. 8**

This Request states: "Admit that on the evening of January 25, 2014 and/or early morning of January 26, 2014 you hit Evan Carnahan with an airsoft gun." Defendant Leon

---

[2] *Declaration of Jeff Sbaih* ("*Sbaih Decl.*") – **Exhibit 1** – Deposition of David Leon, p. 84
[3] *Id.* at pp. 87-88.
[4] Plaintiff claims that Defendant Leon should refer back to his Recorded Statement to refresh his memory about what happened. His statements in the Recorded Statement are consistent with his deposition testimony. Therefore, reviewing the Recorded Statement would be useless.
[5] *Sbaih Decl.*, **Exhibit 1**, p. 84.

DEFENDANT DAVID LEON'S RESPONSE TO PLAINTIFF'S MOTION TO COMPEL DISCOVERY AND DETERMINE SUFFICIENCY OF ANSWERS (Cause No. 2:17-cv-00086 RSL) – 9
js/JS1588.055/2924820x

WILSON SMITH COCHRAN DICKERSON
901 FIFTH AVENUE, SUITE 1700
SEATTLE, WASHINGTON 98164
TELEPHONE: (206) 623-4100
FAX: (206) 623-9273

responded: "Mr. Leon testified in his deposition that he does not have a memory of hitting Mr. Carnahan in the head with an airsoft gun. To the extent this Request is inconsistent with his deposition testimony, the Request is denied."

At his deposition, Defendant Leon testified he has no first-hand knowledge of the incident but heard from other people that the incident occurred:

> Q. Do you recall ever being told the following day by other people about you having been drinking with Evan and Evan being injured?
> **A. I remember the following day and for that week having interactions with people talking about it. I can't say I remember who I talked to and when.**
> Q. What do you remember people telling you about what had happened that evening?
> **A. That I had hit Evan in the head.**
> Q. And did they tell you what you hit him in the head with?
> **A. An airsoft gun or I think some people might have thought it was something else also, but...**
> Q. What did they think it was maybe?
> **A. I think just like another item, something that was in my room.**
> Q. Did they say how it came about that you hit him in the head?
> **A. No. I mean, I don't think they did.**
> Q. Did they say whether you had been drinking that night?
> **A. I don't know if they did, but I know I was probably drinking that night because -- yeah.**
> Q. Do you think you were drinking enough to where you don't have a memory of it?
> **A. I think that and a combination of just time so far. I can't say like I remember it happening.**
> Q. But at the time right immediately after it happened, did you have a memory of it occurring?
> **A. Not that I can remember.**[6]

Based on this testimony, Defendant Leon's response and objections to this Request for Admission are proper.

---

[6] *Sbaih Decl.*, **Exhibit 1**, pp. 48-49.

DEFENDANT DAVID LEON'S RESPONSE TO
PLAINTIFF'S MOTION TO COMPEL DISCOVERY
AND DETERMINE SUFFICIENCY OF ANSWERS
(Cause No. 2:17-cv-00086 RSL) – 10
js/JS1588.055/2924820x

WILSON SMITH COCHRAN DICKERSON
901 FIFTH AVENUE, SUITE 1700
SEATTLE, WASHINGTON 98164
TELEPHONE: (206) 623-4100
FAX: (206) 623-9273

**6. Request for Admission No. 9-15**

Plaintiff's Requests for Admission No. 9-15 attempt to have Defendant Leon admit to certain facts about the incident which he never recalls:

<u>RFA 9</u>:  Admit that in the event referred to in Request for Admission No. 8, above, you hit him in a playful manner.

<u>RFA 10</u>:  Admit that in the event referred to in Request for Admission Nos. 8 and 9 above, you thought you hit him on the top of the head.

<u>RFA 11</u>:  Admit that in the event referred to in Requests for Admission Nos. 8-10, above, you thought you hit Evan Carnahan well above the forehead.

<u>RFA 12</u>:  Admit that in the event referred to in Requests for Admission Nos. 8-11 above, you hit Evan Carnahan with the bottom of an airsoft gun.

<u>RFA 13</u>:  Admit that, in the event referred to in Requests for Admissions Nos. 8-12 above, when you hit Evan Carnahan, the airsoft gun, the airsoft gun came down in a hammer motion.

<u>RFA 14</u>:  Admit that, in the event referred to in Requests for Admissions Nos. 8-13 above, you did not intend to hurt Evan Carnahan.

<u>RFA 15</u>:  Admit that, in the event referred to in Requests for Admissions Nos. 8-14 above, you did not expect to hurt Evan Carnahan.

Defendant Leon's response to these requests was: "Mr. Leon testified in his deposition that he does not have a memory of hitting Mr. Carnahan in the head with an airsoft gun. To the extent this Request is inconsistent with his deposition testimony, the Request is denied." To wit, Defendant Leon testified he has no first-hand knowledge of the incident but heard from other people that the incident occurred.[7] On that basis, the Request was denied and the denial is proper.

---

[7] *Sbaih Decl.*, **Exhibit 1**, pp. 48-49.

DEFENDANT DAVID LEON'S RESPONSE TO
PLAINTIFF'S MOTION TO COMPEL DISCOVERY
AND DETERMINE SUFFICIENCY OF ANSWERS
(Cause No. 2:17-cv-00086 RSL) – 11
js/JS1588.055/2924820x

WILSON SMITH COCHRAN DICKERSON

901 FIFTH AVENUE, SUITE 1700
SEATTLE, WASHINGTON 98164
TELEPHONE: (206) 623-4100
FAX: (206) 623-9273

**CONCLISION**

Defendant Leon's statement to his insurer is protected under the work-product doctrine where it was provided "because of" litigation. No exceptions to the doctrine apply.

Defendant Leon's responses to the Requests for Admission are proper and clearly supported by the deposition testimony. No further response is required.

Plaintiff's continued disregard for Rule 26(b)(5) and the protections afforded to a party in the event of inadvertent production should be reprimanded. There is no question Plaintiff's counsel know they are duty-bound to stop using clawed back privileged materials. They made the strategic choice not to comply with those obligations here. Defendant Leon asks the Court to award his attorney's fees for having to repeatedly address this issue with opposing counsel for the past five months and for having to respond to this motion.

The Court should deny this Motion accordingly.

DATED: July 2, 2018.

WILSON SMITH COCHRAN DICKERSON

*s/Jeff M. Sbaih*
Dylan E. Jackson, WSBA No. 29220
Jeff M. Sbaih, WSBA No. 51551
901 Fifth Avenue, Suite 1700
Seattle, WA  98164-2050
(206) 623-4100 telephone
(206) 623-9273 facsimile
jackson@wscd.com  / sbaih@wscd.com
*Attorneys for Defendant David Leon*

DEFENDANT DAVID LEON'S RESPONSE TO PLAINTIFF'S MOTION TO COMPEL DISCOVERY AND DETERMINE SUFFICIENCY OF ANSWERS (Cause No. 2:17-cv-00086 RSL) – 12
js/JS1588.055/2924820x

WILSON SMITH COCHRAN DICKERSON
901 Fifth Avenue, Suite 1700
Seattle, Washington  98164
Telephone: (206) 623-4100
Fax: (206) 623-9273

# CERTIFICATE OF SERVICE

The undersigned certifies that under penalty of perjury under the laws of the State of Washington that on the below date I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, and served a true and correct copy on the following parties:

**Attorneys for Plaintiff:**
Mark Choate, WSBA No. 43049
Jon Choate, WSBA No. 53690
Choate Law Firm LLC
424 North Franklin Street
Juneau, AK 99801
Phone: 907-586-4490
Email: mark@choatelawfirm.com
jon@choatelawfirm.com
lawyers@choatelawfirm.com
para2@choatelawfirm.com
service@choatelawfirm.com
(  )   Via U.S. Mail
(  )   Via Facsimile
(  )   Via Hand Delivery
(X)   Via CM/ECF and/or Email

SIGNED this 2nd day of July, 2018, at Seattle, Washington.

*s/Rose Behbahani*
Rose Behbahani, Legal Secretary
behbahani@wscd.com
Phone: 206-623-4100

DEFENDANT DAVID LEON'S RESPONSE TO PLAINTIFF'S MOTION TO COMPEL DISCOVERY AND DETERMINE SUFFICIENCY OF ANSWERS
(Cause No. 2:17-cv-00086 RSL) – 13
js/JS1588.055/2924820x

WILSON SMITH COCHRAN DICKERSON

901 Fifth Avenue, Suite 1700
Seattle, Washington 98164
Telephone: (206) 623-4100
Fax: (206) 623-9273