THE HONORABLE ROBERT S. LASNIK

IN THE UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| EVAN CARNAHAN,<br><br>    Plaintiff,<br><br>vs.<br><br>DAVID LEON<br><br>    Defendant. | Case No. 2:17-cv-00086 RSL<br><br>REPLY IN SUPPORT OF MOTION TO COMPEL DISCOVERY AND DETERMINE SUFFICIENCY OF ANSWERS<br><br>ORAL ARGUMENT REQUESTED<br><br>NOTED ON MOTION CALENDAR:<br>July 6, 2018 |

**Carnahan has substantial need of the recorded statement to establish liability and rebut Leon's defense centered around attacking the credibility of Carnahan's testimony that Leon hit him on the head.**

 Leon's arguments to this Court create the impression that his testimony does not contest liability, and indeed that there is no dispute here as to liability:

> *But Plaintiff himself has testified this occurred and no witness has testified under oath that the incident did not happen.* In fact, in his deposition, Defendant Leon

---

REPLY RE: MOTION TO COMPEL DISCOVERY
AND DETERMINE SUFFICIENCY OF ANSWERS
*Carnahan v. Leon*
2:17-cv-00086 RSL
Page 1 of 6

**CHOATE LAW FIRM LLC**
424 N. Franklin St., Juneau, AK 99801
Tel: (907) 586-4490 Fax: (888) 856-3894
lawyers@choatelawfirm.com

accedes to Plaintiff's claim that the incident occurred but testified he just does not have a memory of it. Therefore, there is no "impeachment value" in forcing Defendant Leon to divulge protected conversations with his insurance carrier.[1]

The reality in this case is just the opposite: Leon has never admitted and continues to deny liability. Defendant denied striking Evan Carnahan in the head in his Answer.[2] He testified at his deposition that he had no present memory of the night in question, and never had a memory of it in the past.[3] He has denied requests for admission asking him to admit striking Carnahan in the head.[4] His counsel has attacked Carnahan's testimony that Leon struck him on the head as a fabrication.[5] As recently as this Monday, July 2, 2018, Leon's counsel asked Carnahan's treating neurologist at her deposition what evidence she had that Carnahan had been struck on the head.[6] Leon's experts assume in forming their opinions that either Carnahan is lying about being struck in the head by Leon or that it is an open question.[7] Leon has asserted as affirmative defenses that Carnahan's own intoxication caused his injuries and that Carnahan was comparatively negligent.[8]

Whether and how David Leon struck Evan Carnahan in the head on the night in question are thus very much issues that Leon has contested and will continue to contest at trial. And Leon's strategy appears to be to do so primarily by attacking the credibility of Carnahan's

---

[1] Dkt. 67 (Leon's Response) at 4 (double emphasis in original).
[2] *Compare* Dkt. 1 (Complaint) at 4, paragraphs, 19, 21 (Leon negligently struck Carnahan in the head with an airsoft gun, Leon admitted to it the next morning) *with* Dkt. 14 (Leon's Answer) at 2-3 (denying Paragraph 19 other than admitting he was Carnahan's fraternity brother, denying Paragraph 21 for lack of information).
[3] Dkt. 68 (Declaration of Jeff Sbaih and Deposition Excerpt) at 6-7.
[4] Dkt. 63-1 (Leon's Responses to Plaintiff's Second Discovery Requests) at 7-9.
[5] Dkt. 41 at 6-7.
[6] Second Declaration of Mark Choate.
[7] Second Declaration of Mark Choate.
[8] Dkt. 14 (Leon's Answer) at 3.

REPLY RE: MOTION TO COMPEL DISCOVERY
AND DETERMINE SUFFICIENCY OF ANSWERS
*Carnahan v. Leon*
2:17-cv-00086 RSL
Page 2 of 6

**CHOATE LAW FIRM LLC**
424 N. Franklin St., Juneau, AK 99801
Tel: (907) 586-4490 Fax: (888) 856-3894
lawyers@choatelawfirm.com

testimony. If unchecked, Leon will continue to switch between arguments that he is or is not disputing whether the incident occurred depending on what is to his advantage at the moment. Plaintiff has a significant basis to believe that Leon's recorded statement contains material, issue-dispositive admissions regarding 1) the state of Leon's memory of the incident a month before his deposition and 2) the facts of the subject incident itself, facts that will likely corroborate Carnahan's testimony. Plaintiff has substantial need for the recorded statement and the Court should order its immediate production.

**Leon continues to fail to demonstrate that disclosure of the unredacted reservation of rights letter was inadvertent and that his counsel took adequate precautions to prevent the disclosure.**

Despite having a second opportunity to do so, Leon has provided no further information supporting his argument that the disclosure of the unredacted reservation of rights letter was inadvertent -- as that term has been interpreted by federal courts (it is not simply that the party did not intend for the information to be disclosed) -- or that adequate precautions were taken to prevent disclosure.[9] Leon's argument that his claim of protection has not been waived as to the recorded statement itself because it was not produced is not supported by case law. The production of the unredacted reservation of rights letter resulted in waiver of not just the unredacted portions of the letter (if work product), but the recorded statement as well.[10]

**Leon has no defense to the argument that he waived any protection of communications regarding coverage.**

---

[9] Dkt. 67 (Leon's Response) at 3-4.
[10] See *Informatica Corp. v. Business Objects Data Integration, Inc.*, 454 F. Supp. 2d 957, 963 (N.D. Cal. 2006).

REPLY RE: MOTION TO COMPEL DISCOVERY
AND DETERMINE SUFFICIENCY OF ANSWERS
*Carnahan v. Leon*
2:17-cv-00086 RSL
Page 3 of 6

**CHOATE LAW FIRM LLC**
424 N. Franklin St., Juneau, AK 99801
Tel: (907) 586-4490 Fax: (888) 856-3894
lawyers@choatelawfirm.com

Leon provides no case law or argument to distinguish why Leon had a duty to disclose the reservation of rights letter (Dkt. 41-5) and the letter withdrawing the reservation of rights (Dkt. 50-10) but not other communications between Leon's attorneys and CSAA regarding coverage.[11] Leon also provides no basis for why the court should distinguish between communications between Leon and CSAA regarding coverage, and communication between Leon's attorneys and CSAA regarding coverage. Leon's attorneys are his agents in this matter. Either work-product protection does not apply to these communications or Leon has waived such protection by disclosure of the two letters.[12]

**Leon continues to improperly limit his discovery responses to his "first-hand knowledge" of the subject incident.**

Leon defends his responses to RFAs 8-15 as proper on the basis that he testified at his deposition that he "has no first-hand knowledge of the incident."[13] As discussed in Carnahan's motion (Dkt. 63 at 8), if Leon lacks first-hand knowledge then he must undertake a good faith investigation of sources reasonably available to him,[14] including his own recorded statement.[15] If, after doing so, he is still unable to respond to the request, then the proper response would be that he can *neither admit nor deny* for lack of information and state that he has "made reasonable inquiry and that the information [he] knows *or can readily obtain* is insufficient to enable [him]

---

[11] Dkt. 67 (Leon's Response) at 6.
[12] *See Informatica Corp. v. Business Objects Data Integration, Inc.*, 454 F. Supp. 2d 957, 963 (N.D. Cal. 2006) (waiver of work product protection "extends to factual or non-opinion work product concerning the same subject matter as the disclosed work product.")
[13] Dkt. 67 (Leon's Response) at 10.
[14] *See U.S. ex rel. Englund v. Los Angeles Cty.*, 235 F.R.D. 675, 685 (E.D. Cal. 2006)
[15] Dkt. 63 (Motion to Compel) at 8-9.

REPLY RE: MOTION TO COMPEL DISCOVERY
AND DETERMINE SUFFICIENCY OF ANSWERS
*Carnahan v. Leon*
2:17-cv-00086 RSL
Page 4 of 6

**CHOATE LAW FIRM LLC**
424 N. Franklin St., Juneau, AK 99801
Tel: (907) 586-4490 Fax: (888) 856-3894
lawyers@choatelawfirm.com

to admit or deny."[16] Leon's continued denial of these responses on the basis of his asserted lack of first-hand knowledge alone cannot be justified and Leon does not provide any legal support for his position.

**Leon does not address or acknowledge that work-product protection does not apply to underlying facts contained in the materials claimed to be work-product.**

Similarly, Leon does not attempt to address the argument and case law cited by plaintiff that a claim of work-product protection 1) does not extend to the underlying facts contained in the material claimed as work product and 2) does not prevent discovery by an opposing party of information contained in documents claimed as protected.[17] This is a significant omission, both with respect to Leon's arguments regarding the sufficiency of his responses to the requests for admission, and Leon's demand that Carnahan's counsel should be admonished for those same requests. Because plaintiff is correct on the law and its application here, Leon's demand should be denied, and plaintiff's motion should be granted.

Dated: Friday, July 6, 2018.

                                                Respectfully Submitted,

By:      *s/Jon Choate*
      Mark Choate, WSBA No. 43049
      Jon Choate, WSBA No. 53690
      CHOATE LAW FIRM LLC
      424 N. Franklin Street
      Juneau, AK 99801
      Tel: (907) 586-4490
      Fax: (888) 856-3804
      Email: lawyers@choatelawfirm.com

---

[16]    *See, e.g., F.D.I.C. v. Halpern*, 271 F.R.D. 191, 193-94 (D. Nev. 2010) (emphasis added).
[17]    Dkt. 63 (Motion to Compel) at 9-10.

REPLY RE: MOTION TO COMPEL DISCOVERY
AND DETERMINE SUFFICIENCY OF ANSWERS
*Carnahan v. Leon*
2:17-cv-00086 RSL
Page 5 of 6

CHOATE LAW FIRM LLC
424 N. Franklin St., Juneau, AK 99801
Tel: (907) 586-4490 Fax: (888) 856-3894
lawyers@choatelawfirm.com

CERTIFICATE OF SERVICE

The undersigned certifies that under penalty of perjury under the laws of the State of Washington that on the below date I caused to be served the foregoing document on:

Dylan E. Jackson, WSBA #29220    Attorneys for David Leon
Jeff Sbaih, WSBA #51551
Wilson Smith Cochran Dickerson
901 Fifth Avenue #1700
Seattle, WA 98164-2050
Tel: (206) 623-4100
Fax: (206) 623-9273
( ) Via U.S. Mail
( ) Via Facsimile
(X) Via CM/ECF
( ) Via Email
Email: jackson@wscd.com
Email: sbaih@wscd.com
Email: hickman@wscd.com
Email: behbahani@wscd.com

Executed on July 6, 2018 at Brooklyn, New York.

_____s/ Jon Choate_____
CHOATE LAW FIRM, LLC

REPLY RE: MOTION TO COMPEL DISCOVERY
AND DETERMINE SUFFICIENCY OF ANSWERS
*Carnahan v. Leon*
2:17-cv-00086 RSL
Page 6 of 6

CHOATE LAW FIRM LLC
424 N. Franklin St., Juneau, AK 99801
Tel: (907) 586-4490 Fax: (888) 856-3894
lawyers@choatelawfirm.com