UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

EVAN CARNAHAN,

    Plaintiff,

v.

ALPHA EPSILON PI FRATERNITY, INC. and DAVID LEON,

    Defendants.

Case No. 2:17-CV-00086-RSL

ORDER ON MOTION TO DETERMINE APPLICABILITY OF WORK-PRODUCT PROTECTION

    This matter comes before the Court on plaintiff Evan Carnahan's motion to determine the applicability of the work-product protection doctrine to a letter disclosed and a statement made by defendant David Leon, pursuant to Federal Rule of Civil Procedure 26(b)(5)(B) ("the Motion"). Dkt. #45.

    Plaintiff claims that on January 26, 2014, Mr. Leon accidentally struck him on the head with an airsoft gun. He claims that both of them were intoxicated at the time, and that the incident took place in the Alpha Epsilon Pi ("AEP") fraternity house at the University of Washington. See Dkt. #1 at 3-4. He filed this action against AEP and Mr. Leon almost three years later, on January 23, 2017.

    Mr. Leon tendered Mr. Carnahan's lawsuit to his parents' homeowner's insurance company, CSAA. See Dkt. #45-2. As part of his Initial Disclosures, Mr. Leon produced a copy

ORDER ON MOTION TO DETERMINE APPLICABILITY
OF WORK-PRODUCT PROTECTION - 1

of CSAA's insurance policy and declarations page. See Dkt. #50 at 2. On May 23, 2017,[1] he gave a recorded statement concerning the incident ("the Statement") to CSAA. See id. On the same day, CSAA's coverage counsel sent a "reservation of rights" letter to Mr. Leon, reproducing portions of his recorded Statement ("the Letter").[2] See Dkt. #45 at 4-5. Mr. Leon then produced the Letter as a supplement to his Initial Disclosures on January 3, 2018. See Fed. R. Civ. P. 26(e); see Dkt. #45-2.

In emails dated January 16, 2018 and January 18, 2018, plaintiff's counsel requested that Mr. Leon's recorded Statement to CSAA be produced. See Dkt. #45-3; see Dkt. #47. Defense counsel responded on January 19, 2018 with a redacted version of the Letter that excluded references to Mr. Leon's recorded Statement. Defense counsel said that an unredacted version of the Letter had been inadvertently produced, and that the quoted portions of Mr. Leon's Statement to CSAA were protected under the work-product doctrine. See Dkt. #45-4. He requested plaintiff's counsel to dispose of the unredacted Letter, in compliance with Federal Rule of Civil Procedure 26(b)(5).[3] See id. On January 23, 2018, defense counsel produced a Privilege Log that listed the unredacted Letter. The Log did not indicate the date on which the Statement was taken, or to whom it was made. See Dkt. #45-5. Further correspondence did not resolve the issue. See Dkt. #50-4 to Dkt. #50-9; see also Dkt. #47 at 2. Plaintiff then filed this Motion for a determination that the unredacted Letter and the Statement are discoverable.

---

[1] This Motion was filed on May 18, 2018. See Dkt. #41. Plaintiff's Reply in Support of the Motion was filed on June 7, 2018. See Dkt. #55. At the time, plaintiff was not aware of the exact date of Mr. Leon's recorded Statement to CSAA. See id. at 2-3 ("Leon has not provided: 1) the date the statement was made..."). On June 21, 2018, Mr. Leon responded to plaintiff's Second Discovery Requests. See Dkt. #63-1. The Response to Request For Production No. 1 states, "Mr. Leon provided a statement to his insurance company, CSAA, on 5/23/17. The referenced statement was provided during litigation. It is therefore protected from discovery under Rule 26(b)(3)." The Court therefore finds that the recorded Statement at issue here was provided to CSAA on May 23, 2017.

[2] CSAA's subsequent rescinding of its reservation of rights is irrelevant. See Dkt. #50-10.

[3] According to later communications from plaintiff's counsel, the Letter has been sequestered pending resolution of the issue. See Dkt. #57-1.

ORDER ON MOTION TO DETERMINE APPLICABILITY
OF WORK-PRODUCT PROTECTION - 2

Plaintiff first argues that the Statement and the unredacted Letter are not entitled to work-product protection. In the alternative, plaintiff asserts that Mr. Leon waived that protection by producing the Letter. In the second alternative, plaintiff argues that he has substantial need of the Statement and the unredacted Letter.

The Court finds that Mr. Leon's Statement is not protected by the work-product rule. The Court also finds that Mr. Leon did waive any potential work-product protection, and that plaintiff has demonstrated substantial need of the Statement.

**1. The Letter and Statement Are Not Privileged as Work Product**

As federal jurisdiction in this case is based on diversity, federal law governs Mr. Leon's assertion of work-product protection. See Lexington Ins. Co. v. Swanson, 240 F.R.D. 662, 666 (W.D. Wash. 2007). Under the work-product protection doctrine, a document is exempt from discovery if it is "prepared in anticipation of litigation or for trial," by or for another party or its representative. Fed. R. Civ. P. 26(b)(3). The party claiming the protection bears the burden of proving that the document meets both requirements. See San Diego Gas & Elec. Co. v. Westinghouse Elec. Corp. (In re California Pub. Utilities Comm'n), 892 F.2d 778, 780 (9th Cir. 1989); see Heath v. F/V ZOLOTOI, 221 F.R.D. 545, 549 (W.D. Wash. 2004).

It is irrelevant whether "litigation was a primary or secondary motive behind the creation of a document." In re Grand Jury Subpoena (Mark Torf/Torf Envtl. Mgmt.), 357 F.3d 900, 908 (9th Cir. 2004). Rather, the Court "must consider the totality of the circumstances and determine whether the document was created because of anticipated litigation, and would not have been created in substantially similar form but for the prospect of litigation." United States v. Richey, 632 F.3d 559, 567–68 (9th Cir. 2011); accord Westridge Townhomes Owners Assoc. v. Great Am. Assurance Co., No. C16-1011RSM, 2018 WL 993962, at *3 (W.D. Wash. Feb. 21, 2018). By contrast, "[i]t is well established that documents prepared in the ordinary course of business are not protected by the work-product doctrine because they would have been created regardless of the litigation." Heath, 221 F.R.D. at 249-550 (citing to Fed. R. Civ. P. 26(b)(3), Advisory

Committee Notes ("Materials assembled in the ordinary course of business… are not under the qualified immunity provided by this subsection.")).

In a literal sense, Mr. Leon's Statement, and the portions of it quoted in the Letter, would not have been created "regardless" of the litigation. Mr. Leon tendered Mr. Carnahan's lawsuit to CSAA, which then retained the Law Office of Karen D. Marcus "to advise [them] with respect to the insurance coverage issues that have arisen in connection with the incident that gave rise to [the] lawsuit." See Dkt. #45-2 at 3. His recorded Statement was thus provided to CSAA after the Complaint was filed, and was specifically used in CSAA's coverage analysis for Mr. Leon's defense of the lawsuit. It "would not have been created in substantially similar form but for the prospect of litigation." Richey, 632 F.3d at 568.

However, insurance companies in particular "have a duty to investigate, evaluate, and adjust claims made by their insureds… The creation of documents during this process is part of the ordinary course of business of insurance companies, and the fact that litigation is pending or may eventually ensue does not cloak such documents with work-product protection." HSS Enterprises, LCC v. Amco Ins. Co., No. C06-1485-JPD, 2008 WL 163669, at *4 (W.D. Wash. Jan. 14, 2008) (citing to Heath, 221 F.R.D. at 550). The fact that a suit has been filed does not automatically render protection to all subsequent documentation as "work-product." Id. Rather, a document "prepared before a final decision was reached on an insured's claim, and which constitutes part of the factual inquiry into or evaluation of that claim, was prepared in the ordinary and routine course of the insurer's business of claim determination and is not work product." Tilden-Coil Constructors, Inc. v. Landmark Am. Ins. Co., No. C09-1574JLR, 2010 WL 3789104, at *1 (W.D. Wash. Sept. 23, 2010). As evidenced by the Letter, Mr. Leon's Statement was recorded before CSAA reached a decision on his tender, and it clearly formed part of its evaluation of that claim. See Dkt. #45-2 at 3 ("In your recorded statement you explained that that [sic] "… we were playing video games… I remember hitting Evan with a like a [sic] airsoft gun…" CSAA understands that you did not mean to hurt Evan.").

ORDER ON MOTION TO DETERMINE APPLICABILITY
OF WORK-PRODUCT PROTECTION - 4

Mr. Leon argues in response to the Motion that <u>Tilden-Coil Constructors</u> "involved a first party dispute over an insurer's decision to deny coverage. … Of course, in the context of a first party claim, that information would be discoverable. However, this is a third-party case where the insurer's conduct is irrelevant to Plaintiff's causes of action." <u>See</u> Dkt. #49 at 10-11. Mr. Leon also cites to an out-of-circuit case, <u>Smith v. Scottsdale Ins. Co.</u>, 40 F. Supp. 3d 704 (N.D.W. Va. 2014), <u>aff'd</u>, No. 5:12CV86, 2014 WL 4199207 (N.D.W. Va. Aug. 22, 2014), <u>and aff'd</u>, 621 F. App'x 743 (4th Cir. 2015), for the same proposition. <u>See</u> Dkt. #49 at 10; <u>see</u> <u>Smith</u>, 40 F. Supp. 3d at 720 ("Unlike files generated while investigating whether to deny a first-party claim, … insurance claim files generated in relation to investigating and defending against third-party claims are generally considered work-product …"). However, in <u>Smith</u>, a "third-party claim" was defined as a "bad faith action … that is brought against an insurer by a plaintiff who prevailed in a separate action against an insured tortfeasor." <u>Smith</u>, 40 F. Supp. 3d at 713-14. That is not the issue here. This not a third-party claim.

Mr. Leon is, however, correct to point out that CSAA is not a party to this litigation. <u>See</u> Dkt. #49 at 11. In <u>Tilden-Coil</u> and <u>HSS Enterprises</u>, on which plaintiff relies, the insurance company was a party. But this makes the recorded Statement less deserving of protection, not more. The rule is intended to protect "trial preparation materials that reveal an attorney's strategy, intended lines of proof, evaluation of strengths and weaknesses, and inferences drawn from interviews." <u>Heath</u> 221 F.R.D. at 549; <u>accord</u> <u>HSS Enterprises</u>, 2008 WL 163669, at *4-6 ("Such material, even if generated by the defendant after the complaint was filed, was not prepared in anticipation of litigation if the material only concerned facts and did not involve legal opinions or thoughts about the defendant's trial strategy and posture."). Its "primary purpose… is to "prevent exploitation of a party's efforts in preparing for litigation."" <u>Holmgren v. State Farm Mut. Auto. Ins. Co.</u>, 976 F.2d 573, 576 (9th Cir. 1992) (citing to <u>Admiral Ins. Co. v. United States District Court</u>, 881 F.2d 1486, 1494 (9th Cir.1989)).

ORDER ON MOTION TO DETERMINE APPLICABILITY
OF WORK-PRODUCT PROTECTION - 5

Mr. Leon's Statement was taken as part of CSAA's determination of its coverage. Beyond a bald assertion, defense counsel provides no evidence to suggest that it was also created to assist Mr. Leon in his defense of the lawsuit. In fact, defense counsel was admittedly unaware of the Statement at the time that it was actually given. See Dkt. #57-2 at 1-2 ("What [Mr. Leon] said to his insurance company after a lawsuit was filed (and without my knowledge or inclusion in that interview, by the way) is plain and simple work product."); see Dkt. #50 at 2-3 ("… Defendant Leon provided a recorded statement to CSAA about the alleged incident. Later, CSAA provided a copy of the recorded statement to us to use in formulating our defense strategy for the case."). An attorney need not be involved for a document to be considered work product, but the absence of Mr. Leon's counsel makes it less likely that the Statement was created as part of Mr. Leon's preparation for trial. See Myer v. Nitetrain Coach Co., No. C06-804C, 2007 WL 686357, at *1–3 (W.D. Wash. Mar. 2, 2007). Moreover, the Statement was given by Mr. Leon on May 23, 2017, but defense counsel did not receive it until late-December 2017. See Dkt. #49 at 3. When asked, they were unable to provide any information about when it was created. See Dkt. #47 at 2 ("I asked [defense counsel] for when the statement was made and to whom so that I could properly assess the claim of work protection. [Defense counsel] said he did not have that information but that it would be provided once he did.").

The Statement was not provided for the purpose of preparing for litigation. The fact that it may have been helpful to defense counsel in their preparations does not automatically make it work product. See United States v. Adlman, 134 F.3d 1194, 1202 (2d Cir. 1998), accord Heath, 221 F.R.D. at 550. The Statement and the Letter are not protected by the work product privilege.

**2. Mr. Leon Waived Any Work Product Privilege**

In the alternative, if Mr. Leon's Statement were found to be privileged as work product, the Court would still find that Mr. Leon had waived this privilege. This was not a voluntary

waiver,[4] but an involuntary one. A disclosure does not operate as a waiver if it is inadvertent, and the holder of the privilege took reasonable steps to prevent the disclosure and rectify the error. See Fed. R. Evid. 502; see Columbia Cmty. Credit Union v. Chicago Title Ins. Co., No. C09-5290RJB, 2009 WL 10688219, at *4 (W.D. Wash. Dec. 22, 2009). Mr. Leon's disclosure of portions of the Statement in the Letter seems to have been inadvertent. Defense counsel took reasonable steps to rectify the error by notifying plaintiff's counsel as soon as they became aware of the disclosure. See Dkt. #45-4.

However, reasonable steps were not taken to prevent the disclosure of the Statement in the first place. The Letter is only five pages long, and was disclosed by itself as a supplement to Mr. Leon's Initial Disclosures. See for e.g. Hanson v. Wells Fargo Home Mortg., Inc., No. C13-0939JLR, 2013 WL 5674997, at *6 (W.D. Wash. Oct. 17, 2013) (finding that reasonable steps were taken where the party "took steps in reviewing… documents that resulted in the documents being identified as privileged… labeled the documents as privileged… [and] [i]t was only through an administrative error that the documents were mistakenly filed."). Even a cursory review would have revealed the disclosure of portions of Mr. Leon's Statement.

Mr. Leon waived any work product privilege over the portions of his Statement that were quoted in the unredacted Letter and, accordingly, over the remainder of the Statement. See Informatica Corp. v. Bus. Objects Data Integration, Inc., 454 F. Supp. 2d 957, 963 (N.D. Cal. 2006), aff'd, No. C 02-3378 JSW, 2006 WL 2329460 (N.D. Cal. Aug. 9, 2006) ("... [W]ork-product waiver only extends to "factual" or "non-opinion" work product concerning the same subject matter as the disclosed work product.").

---

[4] See Dkt. #45 at 10.

ORDER ON MOTION TO DETERMINE APPLICABILITY
OF WORK-PRODUCT PROTECTION - 7

### 3. Plaintiff Has Substantial Need of the Letter

In the second alternative, even if it were found that Mr. Leon had not waived his work product privilege, the Court would still find that the Statement is discoverable, as plaintiff has demonstrated his substantial need of it.

Work product may be discoverable if it is otherwise discoverable under Federal Rule of Civil Procedure 26(b)(1), and the party "shows that it has substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means." Fed. R. Civ. P. 26. The party seeking the work product has the burden of demonstrating this substantial need, "as well as an inability to obtain the information from other sources without undue hardship." MKB Constructors v. Am. Zurich Ins. Co., No. C13-0611JLR, 2014 WL 12029371, at *6 (W.D. Wash. July 22, 2014).

Plaintiff has demonstrated substantial need of the Statement to prepare his case. In it, Mr. Leon admitted to hitting Mr. Carnahan. See Dkt. #45-2 ("In your recorded statement you explained that that [sic] "… we were playing video games. I'm not sure if it might have been trash talk or something, I remember hitting Evan with a like a [sic] airsoft gun …" "I hit him in a playful manner." "I thought I hit him on the top of the head. I'd say well above the forehead." … CSAA understands that you did not mean to hurt Evan."). Yet, when he was deposed on June 30, 2017, he specifically denied any recollection of the incident. Mr. Leon admitted that he "remember[ed] the following day and for that week having interactions with people talking about it." But he maintained that he "[couldn't] say like [he] remember[ed] it happening," either immediately after the incident or later on. He indicated that this was likely because he had been drinking. See Dkt. #45-1 at 3-4. This is especially important given defense counsel's attempts to suggest that plaintiff fabricated this account, during plaintiff's deposition on February 8, 2018.[5]

---

[5] See for e.g. Dkt. #45-6 at 2. ("Q… So are you telling me that you never fell and hit the left side of your head against the step? A. Yes. Q. So that was a lie? A. That was. … Q… [I]f you were lying to your doctor at that time, why should a fact finder believe you now?").

Mr. Leon argues in his response to the Motion that the Statement to CSAA is not inconsistent with his deposition testimony. That is incorrect. Mr. Leon specifically denied any recollection of hitting Mr. Carnahan with an airsoft gun at his deposition. See Dkt. #45-1 at 3-4. He specifically admits to the very same recollection in the Statement. See Dkt. #45-2.

"Litigation is not a game. It is the time-honored method of seeking the truth, finding the truth, and doing justice." Haeger v. Goodyear Tire & Rubber Co., 869 F.3d 707, 710 (9th Cir. 2017). See Fed. R. Civ. P. 26, Advisory Committee Notes ("… [T]he spirit of the rules is violated when advocates attempt to use discovery tools as tactical weapons rather than to expose the facts and illuminate the issues…"); see United States v. Berberian, 767 F.2d 1324, 1328 (9th Cir. 1985) ("[A]rriving at the truth is a fundamental goal of our legal system.") (quoting from United States v. Havens, 446 U.S. 620, 621 (1980)). The portions of Mr. Leon's recorded Statement reproduced in the Letter go to the very heart of this case. It does not seem likely that plaintiff can obtain Mr. Leon's recollection of hitting Mr. Carnahan in any other way. Mr. Leon has already been deposed. He denied any memory of the incident. The Statement is therefore discoverable. See for e.g. Myer v. Nitetrain Coach Co., No. C06-804C, 2007 WL 686357, at *1–3 (W.D. Wash. Mar. 2, 2007) ("The videotape involves facts which may be essential elements of Plaintiffs' negligence claim. ... Because Plaintiffs have demonstrated that the videotape speaks to an essential element of their claim and obtaining the same information from another source is doubtful, they have demonstrated a substantial need for the videotape.").

For the foregoing reasons, plaintiff's motion is GRANTED. It is hereby ORDERED that the unredacted Letter and Mr. Leon's recorded Statement to CSAA are discoverable.

DATED this 6th day of November, 2018.

Robert S. Lasnik
United States District Judge

ORDER ON MOTION TO DETERMINE APPLICABILITY
OF WORK-PRODUCT PROTECTION - 9