UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| EVAN CARNAHAN,<br><br>Plaintiff,<br><br>v.<br><br>ALPHA EPSILON PI FRATERNITY, INC. and DAVID LEON,<br><br>Defendants. | Case No. 2:17-CV-00086-RSL<br><br>ORDER ON MOTION TO COMPEL DISCOVERY AND DETERMINE SUFFICIENCY OF ANSWERS |

This matter comes before the Court on plaintiff Evan Carnahan's "Motion to Compel Discovery and Determine Sufficiency of Answers." Dkt. #63. Specifically, plaintiff requests that defendant David Leon be ordered to produce (1) a recorded statement made by him to his insurer, CSAA, and (2) all communications regarding insurance coverage between him and CSAA. He also requests that the Court either order Mr. Leon to fully answer certain requests for admission served upon him, or deem those requests admitted.

**1. Production of Recorded Statement Made by Mr. Leon to CSAA**

After plaintiff filed his Complaint on January 23, 2017, Mr. Leon tendered the lawsuit to CSAA and provided them with a recorded statement on May 23, 2017 ("the Statement"). See Dkt. #50 at 2; see Dkt. #63 at 3. On the same day, CSAA's coverage counsel sent a reservation of rights letter to Mr. Leon that quoted certain portions of the Statement ("the Letter"). See Dkt. #45-2. The Letter was produced on January 3, 2018. A few days later, in response to inquiries

ORDER ON MOTION TO COMPEL DISCOVERY
AND DETERMINE SUFFICIENCY OF ANSWERS- 1

from plaintiff's counsel, defense counsel claimed that an unredacted version of the Letter had been erroneously produced, and sought to claw back the quotations of Mr. Leon's recorded Statement as privileged work product. See Fed. R. Civ. P. 26(b)(3).

Mr. Leon's assertion of the work product privilege is at issue in three separate motions: plaintiff's "Motion to Determine Applicability of Work-Product Protection Pursuant to Civil Rule 26(b)(5)(B)," Dkt. #41, the present motion, and Mr. Leon's Motion in Limine No. 8. See Dkt. #77 at 12-13. As detailed more extensively in a separate Order, see Dkt. #91, the Court finds that the recorded Statement is not privileged work product, and that it and the unredacted version of the Letter that quotes from it are discoverable. Mr. Leon is therefore required to produce the Statement in response to plaintiff's Request for Production No. 1. See Dkt. #63 at 2.

### 2. Production of all Communications between Mr. Leon and CSAA

Request for Production No. 2 states:

> **REQUEST FOR PRODUCTION NO. 2:** Produce copies of all communications between yourself, your agents and/or attorneys regarding insurance coverage in this matter with CSAA Ins. Group, its agents and attorneys.

Mr. Leon objected on the ground that the Request was vague, overbroad, and unduly burdensome, and that these communications were protected under attorney-client privilege and work-product privilege. The attorney-client privilege "protects confidential disclosures made by a client to an attorney in order to obtain legal advice… as well as an attorney's advice in response to such disclosures." In re Grand Jury Investigation, 974 F.2d 1068, 1070 (9th Cir. 1992) (internal citations and quotation marks omitted). It "applies to communications between lawyers and their clients when the lawyers act in a counseling and planning role, as well as when lawyers represent their clients in litigation." United States v. Chen, 99 F.3d 1495, 1501 (9th Cir. 1996). Plaintiff is not requesting communications between Mr. Leon and his attorneys. He is only requesting communications between Mr. Leon, his agents, or his attorneys *and* CSAA, its agents, or its attorneys. See Dkt. #63-1 at 2. The attorney-client privilege does not apply.

The work-product privilege applies to "documents … that are prepared in anticipation of litigation or for trial by or for another party or its representative…" See Fed. R. Civ. P. 26(b)(3). However, documents that were "prepared in the ordinary course of business are not protected by the work-product doctrine because they would have been created regardless of the litigation." Heath v. F/V ZOLOTOI, 221 F.R.D. 545, 549-50 (W.D. Wash. 2004) (citing to Fed. R. Civ. P. 26(b)(3), Advisory Committee Notes). Plaintiff is specifically requesting communications regarding insurance coverage, not Mr. Leon's preparation for litigation. Mr. Leon produced the CSAA policy and declarations page and the Letter pursuant to the same rationale. See Dkt. #45-2, see Fed. R. Civ. P. 26(a), 26(e). These communications are no different. Nor does the fact that a suit has been filed automatically render protection to all subsequent documentation as "work-product." See HSS Enterprises, LCC v. Amco Ins. Co., No. C06-1485-JPD, 2008 WL 163669, at *5 (W.D. Wash. Jan. 14, 2008). Rather, a document "prepared before a final decision was reached on an insured's claim, and which constitutes part of the factual inquiry into or evaluation of that claim, was prepared in the ordinary and routine course of the insurer's business … and is not work product." Tilden-Coil Constructors, Inc. v. Landmark Am. Ins. Co., No. C09-1574JLR, 2010 WL 3789104, at *1 (W.D. Wash. Sept. 23, 2010).

### 3. Requests for Admission 3-5

In Requests for Admission ("RFA's") 3-5, plaintiff requested Mr. Leon to admit to the presence of certain statements in and characterizations of the Letter, as follows:

> **RFA 3:** Admit that Marcus's letter states she was retained to advise CSAA Ins. Group with respect to *insurance coverage issues* in regard to the incident that gave rise to the lawsuit *Carnahan v. Alpha Epsilon Pi Fraternity, Leon*.
>
> **RFA 4:** Admit that Marcus's letter only communicated to you CSAA Ins. Group's legal position that there is no coverage for this incident.
>
> **RFA 5:** Admit that Marcus's letter did not address in any fashion the strategy, planning or attorney work-product regarding the defense of this matter by CSAA or its assigned attorney Dylan Jackson.

In each Response, Mr. Leon "admit[ted] that the document speaks for itself" but stated that he "[would] not recharacterize what the document says" and "den[ied] to the extent [the] Request [was] contrary to the plain language of the [L]etter." See Dkt. #63-1 at 5-6.

If, in response to an RFA, a "matter is not admitted, the answer must specifically deny it or state in detail why the answering party cannot truthfully admit or deny it. A denial must fairly respond to the substance of the matter…" Fed. R. Civ. P. 36(a). The purpose of the Rule is to "expedite trial by establishing certain material facts as true and thus narrowing the range of issues for trial." Asea, Inc. v. S. Pac. Transp. Co., 669 F.2d 1242, 1245 (9th Cir. 1981).

Mr. Leon argues that plaintiff's RFA's merely ask him to admit that the Letter contains certain text, which is not permissible. See Van Wagenen v. Consol. Rail Corp., 170 F.R.D. 86, 87 (N.D.N.Y. 1997); Workman v. Chinchinian, 807 F. Supp. 634, 647–48 (E.D. Wash. 1992). However, in Van Wagenen, the RFA's sought "admission of the truth of various sentences taken from [a] document, the authenticity of which [had] been admitted… [and] simply restate[d] sentences from the document." Van Wagenen, 190 F.R.D. at 87. Similarly, in Workman, the RFA's "essentially quoted the contents of the letter and asked the defendants to admit to [them]." Workman, 807 F. Supp. at 647–68.[1] This applies to RFA 3, which asks Mr. Leon to admit that the Letter states that Ms. Marcus was retained to advise CSAA on coverage issues. However, RFA's 4 and 5 request admissions that characterize the Letter as pertaining only to insurance coverage, and not to litigation preparation or strategy. See Dkt. #63-1.

Plaintiff cites to an out-of-circuit case disapproving of "the document speaks for itself" as a response to a valid RFA. See Miller v. Holzmann, 240 F.R.D. 1, 4 (D.D.C. 2006) ("The tautological "objection" that the finder of fact can read the document for itself to see if the quote is accurate is not a legitimate objection but an evasion of the responsibility to either admit or

---

[1] Moreover, the repetitive nature of the RFA's was not the sole basis for the district court's decision to sustain the defendants' objections. The court also found the subject of the RFA's to be irrelevant. See Workman, 807 F. Supp. at 648. That is not the case here.

ORDER ON MOTION TO COMPEL DISCOVERY
AND DETERMINE SUFFICIENCY OF ANSWERS- 4

deny a request for admission… [Similarly,] stating [that] one can read the document oneself to see if the paraphrase is accurate… is not a legitimate objection and an equally great waste of time."). The Ninth Circuit has not expressed such a strong condemnation. However, this court has in the past "deem[ed] [a] response that "the letter speaks for itself" [to be] an admission of the matter requested." Goodman v. New Hampshire Ins. Co., No. C09-1493RSM, 2010 WL 11565109, at *3 (W.D. Wash. June 18, 2010); see also F.D.I.C. v. Halpern, 271 F.R.D. 191, 195 (D. Nev. 2010) ("Defendants' [RFA's] arguably ask the [plaintiff] to admit to Defendants' characterizations about the purpose or nature of [a loan]. [The plaintiff] responds to these requests … by simply stating that the [loan agreement] speaks for itself… Thus, [its] responses … are simply evasive and therefore insufficient."). Mr. Leon's responses are not adequate.

Where a court "[finds] that an answer does not comply with [Rule 36], the court may order either that the matter is admitted or that an amended answer be served." Fed. R. Civ. P. 36(a). RFA's 3-5 are directed toward rebutting Mr. Leon's assertion of work product privilege. Plaintiff's motion to compel was filed on July 2, 2018. Since then, the Court has found that the recorded Statement is not privileged work product, and that it and the unredacted version of the Letter that quotes from it are discoverable. See Dkt. #91. It would therefore serve little purpose to allow Mr. Leon to amend his responses. RFA's 3-5 are deemed admitted.

### 4. Requests for Admission 6-15

RFA's 6-15 requested Mr. Leon to admit to various details concerning the incident. See Dkt. #63-1 at 6-8. Mr. Leon objected on the ground that the RFA's were vague and ambiguous, and denied the RFA's to the extent that they were inconsistent with his deposition testimony. He also argued that the RFA's made wrongful use of the protected Letter.

The argument that plaintiff impermissibly "quote[d] verbatim" from the Letter pending a resolution of the claim of work product privilege lacks merit. RFA's 6-15 request Mr. Leon to admit to certain facts that are contained within the Letter, but they do not reference it. See Dkt. #63-1 at 6-8. They are an attempt to recover the same information by another discovery method.

ORDER ON MOTION TO COMPEL DISCOVERY
AND DETERMINE SUFFICIENCY OF ANSWERS- 5

This is not a violation of Rule 26. See Fed. R. Civ. P. 26, Advisory Committee Notes ("… [O]ne party may discover relevant facts known or available to the other party, even though such facts are contained in a document which is not itself discoverable."); see Vallabharpurapu v. Burger King Corp., 276 F.R.D. 611, 615 (N.D. Cal. 2011) ("Although the work-product doctrine protects documents, it does not protect factual information within the documents.").

The RFA's asked Mr. Leon to admit to certain recollections surrounding the incident on January 26, 2014. In his Responses, Mr. Leon stated that "[he] testified in his deposition that he [did] not have a recollection of th[ose] days," and "did not have a memory of hitting Mr. Carnahan in the head with an airsoft gun." Dkt. #63-1 at 6-8. He therefore denied the RFA's to the extent that they conflicted with his deposition testimony. See id. This is adequate. Mr. Leon maintained that he has no recollection of the incident, and denied the RFA's accordingly. If Mr. Leon wishes to amend them, he may make a motion to do so. See Fed. R. Civ. P. 36(b).

Relatedly, Mr. Leon argues that plaintiff failed to comply with his obligations under Rule 26 and requests an award of his attorney's fees. See Dkt. #67 at 12. Under Rule 26, a party that receives information that is claimed by the sending party to be privileged is obligated to return, sequester, or destroy it. It "must not use or disclose the information until the claim is resolved." Fed. R. Civ. P. 26. Defense counsel made multiple requests for plaintiff to return and destroy the Letter. See Dkt. #45-4, Dkt. #50-5; Dkt. #50-9. Plaintiff disputed the claim of work product privilege, and did not return it. In an email on May 17, 2018, four months after defense counsel's first assertion of the privilege, plaintiff's counsel represented that the Letter had been sequestered while "attempting in good faith to sort this out informally." Dkt. #57-2. Plaintiff ought to have communicated this and/or sequestered the Letter earlier. See W. & Clay, LLC v. Landmark Am. Ins. Co., No. C09-1423 MJP, 2011 WL 13234281, at *1 (W.D. Wash. Jan. 31, 2011) ("… [T]he recipient of the information is duty-bound to return the documents when the inadvertence of the production is made known. … A party may not simply keep the documents for its own use."). However, "promptly" is not defined in Rule 26. See Coleman v. Sterling, No.

ORDER ON MOTION TO COMPEL DISCOVERY
AND DETERMINE SUFFICIENCY OF ANSWERS- 6

09-CV-1594-W (BGS), 2011 WL 13177041, at *3 (S.D. Cal. Nov. 4, 2011) ("Rule 26(b)(5)(B) does not define "promptly" and the parties and this Court have not located any controlling authority interpreting [it]…"). There were attempts at settlement in the interim. See Dkt. #50-6; Dkt. #50-7. Plaintiff's review of the Letter may have informed his decision-making, but plaintiff did not specifically make use of it. See Marshall v. McGill, No. CV 10-01436-PHX-ECV, 2011 WL 13118589, at *3 (D. Ariz. June 8, 2011) (imposing sanctions where "[d]efendants' counsel did none of the things required by Rule 26(b)(5)(B) … and instead did the opposite by attaching the document to … court filings…"). The Court declines to impose sanctions.

### 5. Reasonable Attorney's Fees

Plaintiff requests attorney's fees for the time spent in preparing this motion. Mr. Leon believed his Statement and Letter to be protected as work product, and acted accordingly. The Court declines to award attorney's fees. See Fed. R. Civ. P. 37(a)(5).

For all the foregoing reasons, plaintiff's motion is GRANTED IN PART and DENIED IN PART, and the Court hereby ORDERS that:

1. Mr. Leon shall produce the Statement given by him to CSAA on May 23, 2017, within 10 days of this order,

2. Mr. Leon shall produce all communications between himself, his attorneys, or his agents, and CSAA, its attorneys, or its agents, within 10 days of this order,

3. Mr. Leon is deemed to have admitted to RFA's 3-5,

4. Mr. Leon is not required to furnish any further response to RFA's 6-15.

DATED this 7th day of November, 2018.

Robert S. Lasnik
United States District Judge

ORDER ON MOTION TO COMPEL DISCOVERY
AND DETERMINE SUFFICIENCY OF ANSWERS- 7