UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| EVAN CARNAHAN,<br><br>            Plaintiff,<br><br>    v.<br><br>DAVID LEON,<br><br>            Defendant. | Case No 2:17-CV-86-RSL<br><br>ORDER ON PLAINTIFF'S MOTION FOR LIMITED ADDITIONAL DISCOVERY AND DEFENDANT'S MOTION FOR PROTECTIVE ORDER |

This matter comes before the Court on plaintiff Evan Carnahan's "Motion for Limited Additional Discovery," see Dkt. #95, and defendant David Leon's "Motion for Protective Order." Dkt. #93.

## BACKGROUND

Plaintiff filed a Complaint on January 23, 2017, claiming that on January 26, 2014, defendant negligently struck him on the head with an airsoft gun, causing him to sustain a traumatic brain injury. Dkt. #1 at ¶¶ 19-23. Defendant's mother, Ellen Speiser, tendered the claim to their homeowner's insurance company, CSAA. Dkt. #95-2 at 10. Defendant was interviewed by an adjuster, Ryan Walter. Dkt. #95-2 at 8.[1] The interview was recorded. Dkt. #93

---

[1] In response to plaintiff's Request for Production No. 1, defense counsel stated that defendant's statement to CSAA was provided on May 23, 2017. Dkt. #63-1. The Court relied on that representation. Dkt. #91 at 2. However, based upon the emails exchanged between Ms. Speiser and Mr. Walker, it appears that the interview took place around May 4, 2017. Dkt. #95-2.

ORDER ON PLAINTIFF'S MOTION FOR ADDITIONAL LIMITED
DISCOVERY AND DEFENDANT'S MOTION FOR PROTECTIVE ORDER - 1

at 2; Dkt. #95 at 3. On May 23, 2017, CSAA sent a Reservation of Rights letter ("ROR") to defendant that referred to the recorded interview ("the Statement"). See Dkt. #95-3. On June 5, 2017, defendant filed his Answer. He denied the allegation that, "while engaging in horseplay, [he] negligently struck [plaintiff] in the head with the stock of an airsoft gun." Dkt. #14 at 2.

Defendant was deposed on June 30, 2017. See Dkt. #94-1. He was asked if he recalled drinking with plaintiff at Alpha Epsilon Pi Fraternity, Inc. ("AEP") in January of 2014. Id. at 43. He responded, "Not that I can remember." Id. Defendant acknowledged "being told the following day by other people about [him] having been drinking with [plaintiff] and [plaintiff] being injured." Id. But he denied having a memory of it occurring, either at the time of the deposition or immediately after the incident itself. Id. at 44. He stated that the best explanation for his lack of memory was that he had had too much to drink. Id.

Defendant produced CSAA's ROR as a supplement to his Initial Disclosures on January 3, 2018. Dkt. #95 at 6. In response to requests from plaintiff's counsel that the Statement referred to therein be produced, defendant asserted the work-product privilege over the Statement on January 16, 2018. Dkt. #93 at 2. On February 8, 2018, plaintiff was deposed. See Dkt. #45-6. Defense counsel insinuated that plaintiff had fabricated the account. Id. at 2. Discovery closed on July 1, 2018. Dkt. #40. In response to plaintiff's motions, the Court ordered defendant to produce the Statement as well as all communications between himself, his attorneys, or his agents, and CSAA, its attorneys or its agents, on November 6, 2018. Dkt. #92. On November 14, 2018, defendant produced the unredacted ROR, a transcript of defendant's interview with CSAA, and emails exchanged between Ms. Speiser and CSAA. Dkt. #95 at 7-8. Defense counsel stipulated to the authenticity of the documents but reserved all objections regarding admissibility. Dkt. #94-1.

On November 15, 2018, plaintiff's counsel requested production of the audio recording of the Statement and asked if there were additional emails regarding CSAA's coverage that had not been produced. Dkt. #95-2 at 2. Defense counsel responded on the same day, stating that he would determine whether the audio file still existed and confirming that there were no

ORDER ON PLAINTIFF'S MOTION FOR ADDITIONAL LIMITED
DISCOVERY AND DEFENDANT'S MOTION FOR PROTECTIVE ORDER - 2

communications between defense counsel and CSAA regarding coverage. Id. at 2-3. Following further communications, defense counsel agreed to produce the audio recording on November 19, 2018 and did so. Id. at 6.

On November 20, 2018, plaintiff's counsel sent a letter to defense counsel indicating that he wished to reopen discovery and obtain several additional depositions, at defendant's expense. Id. at 9. Following further communications, counsel met and conferred by telephone on November 26, 2018. Dkt. #95 at 8. They were unable to resolve the issue. Id. A day later, plaintiff's counsel narrowed the scope of the proposal to depositions of defendant, Ms. Speiser, and Mr. Walter. Dkt #95-6 at 2. Defense counsel requested time until the next day to respond. Id. On November 28, 2018, defense counsel rejected the proposal and filed a motion for a protective order. Id. at 3; see Dkt. #93. He requests that the Court enter an order precluding plaintiff's requested discovery. Id. at 7. Plaintiff filed his motion for limited additional discovery on December 3, 2018. Dkt. #95.[2] He requests that the Court modify the Scheduling Order and reopen discovery to allow the depositions of Mr. Walter, Ms. Speiser, and defendant. Dkt. #95-7. As the motions are directly opposed to each other, the Court addresses both in a single order.

## DISCUSSION

**A. Legal Standard**

Case management deadlines established by the Court "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). When ruling on a Rule 16 motion to reopen discovery, the Court must consider "1) whether trial is imminent, 2) whether the request is opposed, 3) whether the non-moving party would be prejudiced, 4) whether the moving party was diligent in obtaining discovery within the guidelines established by the court, 5) the foreseeability of the need for additional discovery in light of the time allowed for discovery by the district court, and 6) the likelihood that the discovery will lead to relevant

---

[2] This has resulted in needless duplication of arguments and exhibits on the Court's docket. Counsel for both plaintiff and defendant are advised to avoid this sort of situation in the future.

evidence." City of Pomona v. SQM N. Am. Corp., 866 F.3d 1060, 1066 (9th Cir. 2017) (quoting United States ex rel. Schumer v. Hughes Aircraft Co., 63 F.3d 1512, 1526 (9th Cir. 1995), cert. granted in part, 519 U.S. 926 (1996) vacated on other grounds, 520 U.S. 939 (1997)). The standard "primarily considers the diligence of the party seeking the amendment." Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992). "Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification. … If that party was not diligent, the inquiry should end." Id. (citing Gestetner Corp. v. Case Equip. Co., 108 F.R.D. 138, 141 (D. Me. 1985)).

In general, parties "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b). The Court may limit discovery if it determines that "(i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the proposed discovery is outside the scope." Id.

### B. Proposed Additional Discovery

Plaintiff argues that defense counsel has misrepresented details about the Statement in the past, including the date on which it was taken. Dkt. #95 at 10-11. He alleges that he should be allowed to conduct additional discovery to determine the probative value of the Statement rather than being forced to rely on defendant's representations. Id. at 11. He alleges that the requested discovery is "reasonable and necessary for the fact finder to fairly evaluate 1) the conflict between [defendant's] recorded Statement and his deposition testimony, 2) the veracity of any explanation that [defendant] gives to try to explain that conflict; 3) [defendant]'s credibility, and

ORDER ON PLAINTIFF'S MOTION FOR ADDITIONAL LIMITED
DISCOVERY AND DEFENDANT'S MOTION FOR PROTECTIVE ORDER - 4

4) the weight to give to [defendant]'s Statement as evidence in the ultimate determination of liability in this matter." Id. Finally, plaintiff argues that he could not have obtained the information prior to the resolution of his motions in November 2018. Id.

### a. Deposition of Defendant

Plaintiff argues that the Statement may refresh defendant's recollection regarding the incident and that any further inquiry into his memory of it would be relevant and appropriate. Id. at 12-13. Plaintiff also wants to question defendant regarding the inconsistencies between his deposition testimony and the Statement. See Dkt. #98 at 3-5. Defendant argues that there are no contradictions between defendant's Statement and his deposition testimony. Dkt. #93 at 5. He also argues that there was nothing preventing defendant from asking any questions he wished to about the incident at that deposition. Id.

Defendant opposes the request to re-open discovery. See City of Pomona, 866 F.3d at 1066. However, trial is not imminent. Id., see Balsley v. BNSF Ry. Co., No. 3:09-CV-05168-RJB, 2010 WL 11561363, at *2 (W.D. Wash. Nov. 30, 2010) (noting that trial was set to begin in sixty days). It is set for September 9, 2019. Dkt. #99. Plaintiff requests the reopening of discovery to allow defendant to be questioned on a Statement that was produced pursuant to a Court order after discovery had closed. See Dkt. #92. Prior to that, defendant had asserted that the Statement was protected under the work-product privilege. Dkt. #93 at 2. Plaintiff was diligent in attempting to obtain discovery within the Court's deadlines. City of Pomona, 866 F.3d at 1066. Given that there are some inconsistencies between defendant's deposition testimony and his Statement with regard to his ability to recall the incident at AEP,[3] it is plausible that the additional discovery will lead to relevant evidence. Id. Finally, while any additional discovery is prejudicial to a producing party, compelling defendant to conduct a deposition on a limited topic is not overly burdensome. Balsley, 2010 WL 11561363 at *2.

---

[3] As noted in the Court's order on November 6, 2018, defendant specifically denied any recollection of hitting plaintiff with an airsoft gun at his deposition. See Dkt. #45-1 at 3-4. He specifically admits to the very same recollection in the Statement. See Dkt. #45-2.

ORDER ON PLAINTIFF'S MOTION FOR ADDITIONAL LIMITED
DISCOVERY AND DEFENDANT'S MOTION FOR PROTECTIVE ORDER - 5

### b. Deposition of Ellen Speiser

Plaintiff argues that it is likely that Ms. Speiser discussed defendant's memory of the incident with him at around the same time that the Statement was given. Dkt. #95 at 12. She appears to have communicated with defendant about the Statement on the day it was made and was the primary contact for the family with CSAA. Id. Her knowledge of the Statement and her communications with defendant and CSAA are therefore "relevant to determining the truth regarding [defendant]'s memory." Id.

Given that the Court will allow a limited reopening of discovery for defendant's deposition, it seems unlikely that the deposition of Ms. Speiser will add any relevant evidence with regard to the Statement. City of Pomona, 866 F.3d at 1066. As defendant points out, her name was on the ROR from CSAA that was produced on January 3, 2018. Dkt #95-3; see Dkt. #95 at 7. If plaintiff wished to question her about her communications with defendant or CSAA regarding the incident in general, he could have done so prior to the discovery deadline. Id.

### c. Deposition of Ryan Walter

Plaintiff argues that Mr. Walker can "verify the date and time the Statement was made, how it was recorded, how it was stored, whether anyone else was on the call, to whom it was provided (and when), when it was transcribed, and confirm that [defendant]'s admissions were made free of undue influence or promises provided outside the recorded portion of their call." Dkt. #93 at 12. This is excessive. Defendant has already stipulated to the authenticity of the Statement. See Dkt. #94-1. Mr. Walker's deposition is very unlikely to lead to any relevant evidence. City of Pomona, 866 F.3d at 1066.

### **CONCLUSION**

For all the foregoing reasons, plaintiff's motion is GRANTED IN PART. It is hereby ORDERED that discovery be reopened until April 12, 2019. It is FURTHER ORDERED that discovery is reopened only for the purpose of deposing defendant with regard to his Statement,

and that defendant's deposition is not to exceed 90 minutes. Defendant's motion is DENIED as moot.

DATED this 15th day of March, 2019.

*Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

ORDER ON PLAINTIFF'S MOTION FOR ADDITIONAL LIMITED
DISCOVERY AND DEFENDANT'S MOTION FOR PROTECTIVE ORDER - 7