# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| EVAN L CARNAHAN,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>ALPHA EPSILON PI FRATERNITY INC.,<br><br>　　　　Defendant. | NO. 2:17-cv-0086-SAB<br><br>**ORDER DENYING RECONSIDERATION** |

Before the Court is Defendant's Motion for Reconsideration, ECF No. 124. Defendant seeks reconsideration of this Court's Order at ECF No. 121, denying Defendant's Motion for Leave to Conduct Trial Perpetuation Deposition, ECF No. 105.

**Background**

During expert discovery, Plaintiff disclosed David Easlick as a liability expert who would testify in support of Plaintiff's claims against Alpha Epsilon Pi Fraternity Inc. (AEP). ECF No. 105. Plaintiff listed Mr. Easlick on Plaintiff's expert disclosures and provided an expert report for Mr. Easlick. *Id.* AEP settled with Plaintiff before the scheduled deposition occurred, withdrawing their notice of deposition for Mr. Easlick. On June 19, 2018, while the original discovery deadline was open, AEP was dismissed *Id.* Defendant Leon did not note Mr. Easlick for a deposition at that time. Discovery closed on July 2, 2018. On August 6, 2018,

**ORDER DENYING RECONSIDERATION ~ 1**

Defendant Leon informed Plaintiff that he was planning to call Mr. Easlick as a witness. ECF No. 75. Plaintiff objected, on August 10, informing Defendant that Plaintiff was no longer intending to call Mr. Easlick due to AEP's dismissal, and thus Plaintiff considered Mr. Easlick to be a consulting witness under Fed. R. Civ. P. 26(b)(4)(D). Defendant filed a motion to take a trial perpetuation deposition of Mr. Easlick, ECF No. 105, which this Court denied. ECF No. 121.

## Reconsideration Standard

Motions for reconsideration are generally disfavored and are considered an "extraordinary remedy, to be used sparingly in the interest of finality and conservation of judicial resources." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). A motion for reconsideration "should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *389 Orange Street Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999).

Motions for reconsideration "may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Kona*, 229 F.3d at 890. Whether or not to grant reconsideration is committed to the sound discretion of the court." *Navajo Nation v. Confederated Tribes and Bands of the Yakama Indian Nation*, 331 F.3d 1041, 1046 (9th Cir. 2003).

## Analysis

The root question is whether one party is entitled to call as an expert witness a witness originally listed as a testifying witness but then purportedly converted to a consulting witness. The parties are divided as to what test applies to this question – the exceptional circumstances test for consulting witnesses, or the general rule of availability for experts expected to testify. Courts are divided on this question as

well. *See Blumhorst v. Pierce Mfg., Inc.,* No. 4:10-CV-00573-REB, at *2 (D. Idaho Oct. 7, 2014) (noting different approaches.)

Some courts and scholars have inferred a general principle of "unfairness" from the Advisory Committee's Notes to Rule 26, stating that "it is unfair for one party, without expense, to obtain information from an expert who has been hired by the opposing party for an agreed compensation." Jack H. Friedenthal, *Discovery and Use of an Adverse Party's Expert Information,* 14 Stan.L.Rev. 455, 472 (1962). Based on this principle, courts have denied opposing parties the opportunity to convert an opposing party's re-designated consulting witness absent "exceptional circumstances," using the general test for consulting witnesses. *See Ager v. Jane C. Stormont Hosp.*, 622 F.2d 496, 502 (10th Cir.1980) (defining the unfairness rule as a rule "designed to prevent a party from building his own case by means of his opponent's financial resources, superior diligence and more aggressive preparation").

Other courts and scholars hold that "once an expert is designated, the expert is recognized as presenting part of the common body of discoverable, and generally admissible, information and testimony available to all parties." *See House v. Combined Ins. Co.*, 168 F.R.D. 236, 245 (N.D. Iowa 1996), *accord* Wright & Miller, *Federal Practice and Procedure: Civil* § 2032. Thus, they hold that "designation of an expert as expected to be called at trial, pursuant to Fed.R.Civ.P. 26(b)(4)(A), even if that designation is subsequently withdrawn, takes the opposing party's demand to depose and use the expert at trial out of the 'exceptional circumstances' category of Rule 26(b)(4)(B)," and use a discretionary standard. *House*, 168 F.R.D. at 245. The standard is a "balancing" test, weighing the probative value of the expert's potential testimony against the prejudice and unfairness that would arise from one party another's decision to not call an expert. *Id.*

**ORDER DENYING RECONSIDERATION ~ 3**

Under either of these tests, Defendant has not met the high bar for reconsideration. Under the balancing test, the Court does not find that denial of the motion was clear error. There are at least two potential sources of prejudice, one arising from the proximity to trial, and the other from Plaintiff being placed in the awkward position of cross-examining their own expert. *See Ferguson v. Michael Foods, Inc.*, 189 F.R.D. 408 (D. Minn. 1999). The Court lacks the necessary briefing to determine the probative value of Mr. Easlick's potential testimony.

Under the exceptional circumstances test, the Court finds that there are not exceptional circumstances to allow Defendant to depose a consulting witness. During the year-and-a-half that this issue was unresolved Defendant did not note Mr. Easlick for a deposition after AEP's dismissal, and took no steps to procure their own expert on this issue or move for an extension of the deadline for expert disclosure and discovery. With a trial date quickly approaching, the time for noting an expert has long since passed.

The Court therefore denies the Motion for Reconsideration. However, the Court would entertain and allow the filing of a renewed motion with a showing of the relevancy of Mr. Easlick's potential testimony and a motion for a continuance of the approaching trial date.

Accordingly, **IT IS ORDERED:**

1. Defendant's Motion for Reconsideration, ECF No. 124, is **DENIED.**

**DATED** this 13th day of December 2019.

_Stanley A. Bastian_
Stanley A. Bastian
United States District Judge

**ORDER DENYING RECONSIDERATION ~ 4**