UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| EVAN L CARNAHAN, | |
| Plaintiff, | NO. 2:17-cv-0086-SAB |
| v. | |
| ALPHA EPSILON PI FRATERNITY INC., | **ORDER CONTINUING JURY TRIAL** |
| Defendant. | |

Before the Court is Defendant David Leon's Renewed Motion to Take the Trial Perpetuation Deposition of David Easlick, or, Alternatively, Motion for Trial Continuance, ECF No. 132. Defendant renews his motion to take a trial perpetuation deposition of Mr. Easlick, an expert on fraternity safety policies and procedures whom Plaintiff originally noted, but subsequently decided not to call.

The fundamental issue is whether Defendant may present as his own witness an expert originally retained by Plaintiff, over the objection of Plaintiff, when Plaintiff seeks to reclassify the expert as a consultative expert. The Court denied Defendant's motion to do so originally, ECF No. 121, and denied Defendant's motion for reconsideration, ECF No. 126, but granted leave for Defendant to make a renewed motion or to move for a continuance to allow time for Defendant to secure his own expert on fraternity safety.

//

**ORDER CONTINUING JURY TRIAL ꝝ 1**

Defendant has vigorously sought to ensure that a fraternity expert would be available through this litigation. On April 27, 2018, Plaintiff identified Mr. Easlick as his proposed expert on fraternity safety. The since-dismissed fraternity co-defendant noted Mr. Easlick for a deposition, but withdrew that notice of deposition on June 19, 2018, when they were dismissed from the case. On July 2, 2018, discovery closed. In early August, Defendant notified Plaintiff of his intention to use Mr. Easlick as an expert, and Plaintiff informed Defendant of his objection. The parties decided to resolve this issue through motions *in limine*, originally filed on August 13, 2018, and set for consideration on August 30, 2018.

Due to a continuance, those motions *in limine* were renoted for consideration at a later date. Defendant then moved to conduct a trial perpetuation deposition of Mr. Easlick, on the assumption that he would be entitled to present Mr. Easlick's testimony, but that Mr. Easlick would be unable to provide it in person at trial. Shortly after that Motion was filed, the case was transferred to this Court, and the pending motions *in limine* were struck with leave to refile consistent with this Court's Scheduling Order. A ruling on the underlying question of whether Defendant would be able to use Mr. Easlick only came on November 22, 2019, more than a year after the original motions *in limine* were set to be considered. None of this delay was attributable to Defendant, who moved for reconsideration promptly after this Court's first order denying leave to depose Mr. Easlick.

In the Order denying reconsideration, this Court identified two potential sources of prejudice resulting from allowing Defendant to use Plaintiff's expert as his own: the prejudice resulting from the proximity to trial; and the prejudice resulting from Plaintiff being forced to cross-examine a witness he originally selected and identified. ECF No. 126. The Court was unable to weigh that potential prejudice against the probative value of Mr. Easlick's testimony. In its renewed Motion, Defendant details the potential probative value of a fraternity expert, and
//

in the alternative, seeks a continuance to allow Defendant to procure his own expert.

While the Court denies again Defendant's request to call Mr. Easlick as his own, late-noted expert, it grants the motion for a continuance. A short continuance to allow Defendant to procure an expert, provide an expert report to Plaintiff, and make the expert available to Plaintiff for a deposition will cure both potential sources of prejudice, and the potential probative value of such expert testimony outweighs the delay caused by such a continuance.

In deciding whether good cause exists to warrant the grant of a continuance, the Court considers: (1) the diligence of the party seeking a continuance in preparing for trial; (2) the usefulness to the movant of the continuance; (3) the inconvenience a continuance would cause for the opposing party, the witnesses, and the Court; and (4) the prejudice that would result for the movant if the continuance is denied. *United States v. Flynt*, 756 F.2d 1352, 1358 (9th Cir. 1985), amended, 764 F.2d 675 (9th Cir. 1985).

The Court finds that Defendant has been diligent in seeking a fraternity safety expert, that a 60-day continuance will provide ample time for Defendant to procure such an expert, that such a continuance will create a substantial inconvenience to other participants or Plaintiff, and that Defendant would be substantially prejudiced if unable to present any expert testimony on fraternity standards.

//
//
//
//
//
//
//

Accordingly, **IT IS ORDERED:**

1.  Defendant's Renewed Motion to Take the Trial Perpetuation Deposition of David Easlick, or, Alternatively, Motion for Trial Continuance, ECF No. 132, is **GRANTED.**

2. A telephonic status conference will be held on **February 4th, 2020, at 10:30 a.m.** to discuss the timing of discovery regarding this expert issue, and a new trial date. Participants are to call the Court Conference Line at 1-888-204-5984, with the access code of 6790153. The Parties are encouraged to prepare a joint discovery plan to discuss at this status conference.

**DATED** this 13th day of January 2020.

Stanley A. Bastian
United States District Judge